In the Matter of the Application of MARCUS A. HEYMAN, INC., Appellant, for an Order Directing that an Arbitration Proceed between Said MARCUS A. HEYMAN, INC., and B. E. COLE COMPANY and B. E. COLE, Respondents.

First Department, November 9, 1934.

*Sidney Newborg* of counsel [*Kurzman & Frank*, attorneys], for the appellant.

*Milton Kunen* of counsel [*James S. Hays* and *Nathaniel H. Jackson* with him on the brief; *Kaye, McDavitt & Scholer*, attorneys], for the respondents.

MARTIN, J. On March 24, 1934, Marcus A. Heyman, Inc., as vendor and the B. E. Cole Company as vendee, entered into a contract for the sale of raw skins of the value of $12,411.04. Upon the

execution of the contract the sum of $2,750 was paid and the balance agreed to be paid in installments. The vendor had the right to demand the full amount due upon default in payment of any installment.

The contract between the parties contained this provision: " All claims with respect to such merchandise are to be made in writing on or before April 3, 1934, and any unadjusted dispute with respect to such claims shall be referred to arbitration in New York in the usual manner pursuant to the custom of the Tanners Council."

Thereafter, the purchaser, claiming there were certain defects in the merchandise, asked that allowances be made without the necessity of incurring the expense of arbitration. The claim was rejected by the seller with a demand that it be arbitrated according to the provisions of the contract. Upon the refusal of the purchaser to submit to arbitration, the seller served a notice of motion for an order directing that the arbitration proceed between the parties. The petition and notice of motion were served in New York upon defendant B. E. Cole, an officer of the respondent corporation. The corporation is a Maine corporation and at the time of the service of the petition and notice of motion it was not doing business in this State.

The respondent corporation made a cross-motion for an order vacating and setting aside the service of the petition and notice of motion, upon the ground that section 3 of the Arbitration Law provides that before such an application may be granted jurisdiction must be obtained by the service of the motion papers and petition, which must be served in the same manner as a summons is served in an action. It is claimed by the corporate defendant that it is a foreign corporation, not doing business in this State and that a summons in an action could not properly be served on it in New York; that, therefore, the service of the notice of motion and petition was improper and ineffective and does not confer jurisdiction upon this court.

The cross-motion of respondent was granted by the Special Term upon the ground that the court did not acquire jurisdiction as the petition and notice of motion, which were served on the treasurer of the foreign corporation, were not served in compliance with the law; the service of process upon an officer of a foreign corporation is not effective unless the corporation is doing business within the State.

The appellant contends that when the respondent corporation entered into the contract and agreed that all claims should be arbitrated in the State of New York in the usual manner, jurisdiction was conferred upon the courts of this State by consent,

and relies upon the case of *Gilbert* v. *Burnstine* (255 N. Y. 348) to support that contention. In that case the Court of Appeals held that a good cause of action was stated where a complaint alleged that the parties to a contract agreed that all differences thereunder should be "arbitrated at London pursuant to the Arbitration Law of Great Britain." Differences having arisen plaintiff served notice on defendants at New York to concur in the nomination of an arbitrator and on defendants' failure to comply proceedings were taken in England, due notice having been served upon defendants in New York, resulting in the appointment of an arbitrator who after further notice to the defendants proceeded with the arbitration which resulted in an award against the defendants. Upon the award a judgment was entered and the action in New York was brought on the judgment obtained in England.

In that case the sole question was whether the English court acquired jurisdiction in the absence of personal service upon the defendants in Great Britain. A similar question is presented on this appeal. Did the service on the treasurer of the respondent corporation, not doing business in this State, give the court jurisdiction?

Parties to a contract may confer jurisdiction by consent. (*Gilbert* v. *Burnstine, supra; Wilson* v. *Seligman,* 144 U. S. 41; *DeDood* v. *Pullman Co.,* 57 F. [2d] 171.) (See, also, § 96 of the Restatement of the Conflict of Laws by the American Law Institute [Proposed Final Draft, No. 1].) The authorities are in accord that such a contract is irrevocable to the extent that one of the parties, without the consent of the other, cannot deprive it of its enforcibility. (*Matter of Zimmerman* v. *Cohen,* 236 N. Y. 15.)

Where a party, in advance of any litigation or arbitration, agrees that in the event of such proceeding it shall be subject to foreign process, then that party will not be permitted to repudiate such agreement. Jurisdiction of the person of the parties is here conferred by consent. Contractual obligations should be respected. When this contract was entered into it is probable that the right to arbitrate in New York may have been an inducement to the petitioner to make the contract. The parties to a contract should comply with its terms. If they fail to do so, the courts should compel compliance.

It may be that an arbitration does not now appeal to the respondents, but that is not a sufficient ground for refusal to comply with the agreement to arbitrate. (*Matter of Inter-Ocean Food Products, Inc.,* 206 App. Div. 426; *Matter of Marchant* v. *Mead-Morrison Mfg. Co.,* 252 N. Y. 284; *Matter of Zimmerman* v. *Cohen, supra; Finsilver, Still & Moss* v. *Goldberg, Maas & Co.,* 253 N. Y. 382.)

The order appealed from should be reversed, with twenty dollars costs and disbursements, and petitioner's motion for an order directing that arbitration proceed in accordance with the terms of the contract granted, and the cross-motion of the respondent B. E. Cole Company to vacate the service of the petition and notice of motion for arbitration denied.

FINCH, P. J., MERRELL and UNTERMYER, JJ., concur; O'MALLEY, J., dissents and votes for affirmance.

O'MALLEY, J. (dissenting). The provision in the contract whereby " any unadjusted dispute  *  *  *  shall be referred to arbitration in New York in the usual manner 'pursuant to the custom of the Tanners Council," contained by implication a consent to jurisdiction of this State only in accordance with the terms of the Arbitration Law and to " any rules or procedural machinery adopted by competent authority in aid of its provisions." (*Gilbert* v. *Burnstine*, 255 N. Y. 348, 357, 358.)

The Arbitration Law provides that an application to compel arbitration shall be heard as a motion (§ 6). Section 3 provides that eight days' notice in writing shall be given of every application for an order directing that arbitration proceed in the manner provided for in the contract or submission, and further: " Service thereof shall be made in the manner provided by law for personal service of a summons."

It is conceded that the respondent is a foreign corporation not doing business in this State, nor licensed so to do. Service of a summons under such circumstances would not confer jurisdiction. Respondents' attorneys according to a statement contained in their affidavits appear specially.

I am of opinion, therefore, that upon this record jurisdiction of the respondents was not acquired. The order appealed from, therefore, properly denied the application to compel the respondents to proceed to arbitration in conformity with the terms of the contract between the parties. I accordingly dissent and vote for affirmance of the order appealed from.

Order reversed, with twenty dollars costs and disbursements, and motion of petitioner granted, and the cross-motion of B. E. Cole Company denied. Settle order on notice.