In the Matter of the Arbitration of the Controversy between L. DREXSAGE & COMPANY, INC., Petitioner, and HOMASOTE COMPANY, Respondent.

Supreme Court, Special Term, New York County, October 24, 1941.

*Arthur J. Brothers,* for the petitioner.

*Philip L. Gerhardt,* for the respondent.

MILLER, J.   The service on the respondent is sought to be upheld on two separate and distinct grounds: (1) That the latter agreed with the petitioner to be bound by service upon it outside of the State in which the arbitration is held, and (2) that the respondent is doing business in this State and the person served here is its managing agent. These contentions will be taken up in the order indicated.

The alleged agreement for arbitration upon which the petitioner relies contained a provision that disputes were to be arbitrated by the (American Arbitration Association erroneously referred to in the alleged agreement as " American Arbitration Society ") in accordance with the practice, procedure, rules and regulations of that organization.  At the time of the alleged agreement the rules and regulations of the American Arbitration Association contained no provision authorizing service of process necessary for the institution of an arbitration proceeding to be made outside of the territorial jurisdiction of the court in which the proceeding was commenced. Nor did the alleged agreement itself contain any provision indicating that either of the parties agreed to be bound by such extraterritorial service.  There is no denial of the statement in the affidavit of Philip L. Gerhardt, sworn to October 6, 1941, that the American Arbitration Association maintains office privileges in over thirty key cities of the United States and has panels of certified arbitrators in every State of the Union, including over forty cities and places in the State of New Jersey, in which the respondent conducts its business.  Under these circumstances the court is of the opinion that, even if it be assumed that the agreement relied upon by the petitioner was entered into with the respondent, there is no basis for a holding that the respondent expressly or impliedly consented to submit to arbitration in a jurisdiction in which no valid personal service of process could be made upon it. Cases such as *Gilbert* v. *Burnstine* (255 N. Y. 348) and *Matter of Heyman, Inc.,* v. *Cole Co.* (242 App. Div. 362) are clearly distinguishable.  In *Gilbert* v. *Burnstine* (*supra*) the contract which contained the arbitration clause provided that the arbitration was to be had in London pursuant to the Arbitration Law of Great Britain.  The court held that this provision " necessarily implied a submission to the procedure whereby that law is there enforced " (p. 354).  It stated (p. 357): " We will not entertain the theory that, when they agreed to arbitrate at London according to the English Arbitration Act, they contracted with a reservation to refuse to place themselves on English soil and to resist the English law outside that territory."  In the instant case there was no provision that arbitration was to be had in New York or under the law of New York.  Arbitration under the agreement could have been held in the State of New Jersey, the location of the respondent's business, or in any other State of the Union where jurisdiction of the respondent could be obtained.  The alleged agreement itself provided that it was to be governed by the laws of the State of New Jersey.  In *Matter of Heyman, Inc.,* v. *Cole Co.* (*supra*) the contract provided for arbitration " in New York in the usual

manner pursuant to the custom of the Tanners Council." On the basis of this provision the court held that the respondent had consented to the jurisdiction of the New York courts. It said (p. 364): " Where a party, in advance of any litigation or arbitration, agrees that in the event of such proceeding it shall be subject to foreign process, then that party will not be permitted to repudiate such agreement. Jurisdiction of the person of the parties is here conferred by consent. Contractual obligations should be respected. When this contract was entered into it is probable that the right to arbitrate in New York may have been an inducement to the petitioner to make the contract. The parties to a contract should comply with its terms."

Nor is the position of the petitioner improved by the fact that *after* the making of the alleged agreement between the parties the rules of the American Arbitration Association were amended so as to provide for the institution of valid arbitration proceedings " by personal service within or without the State where the arbitration is to be held, or within or without the limits of the jurisdiction of the court having jurisdiction in the premises (whether such party be within or without the United States of America)." Assuming that the respondent, if it entered into the alleged agreement with the petitioner, is bound by subsequently enacted amendments of the rules and regulations of the American Arbitration Association as to matters of procedure, the subsequently adopted amendments do not have the effect of creating consent to extraterritorial service which the respondent actually never gave or contemplated.

The court accordingly holds that the service alleged to have been made upon the respondent outside of this State is invalid and void.

As to the claim that the respondent is doing business within this State and that the person served here is its managing agent, factual issues are presented which may not be summarily determined on the affidavits now before the court. The motion is, therefore, granted only to the extent of designating Hon. Jacob Marks, official referee, to take proof and report with his opinion with all convenient speed as to whether the respondent, at the time of the service upon Wilson within this State, was doing business here to such an extent as to be amenable to the service of process and as to whether Wilson was the managing agent of the respondent within this State at the time of the service upon him.

Final disposition of the motion proper will be held in abeyance pending the coming in of the referee's report.