HORACE W. SARGANT et al., Copartners under the Name of W. T. SARGANT & SONS, Appellants, *v.* WARREN E. MONROE, Doing Business under the Name of ROESLING MONROE & COMPANY, Respondent.

First Department, June 28, 1944.

*Harry T. Zucker* of counsel (*Max M. Bernstein* with him on the brief; *Hollander & Bernheimer,* attorneys), for appellants.

*Frederic R. Sanborn* of counsel (*Putney, Twombly & Hall,* attorneys), for respondent.

GLENNON, J. On or about November 8, 1934, plaintiffs and the defendant entered into contracts for the sale of a quantity of Saigon White Pepper which was to be shipped from Saigon to New York. Shipments were made on three steamers which arrived in New York. The pepper was placed in a warehouse and the bills of lading presented to the defendant for payment by the New York representative of the plaintiffs. The defendant neglected or refused to take up the bills of lading or pay for the pepper.

The contracts between the parties contained a provision that any dispute which might arise out of the contracts was to be settled by arbitration in London, in the usual manner, according to the rules of the General Produce Brokers' Association of London. On July 30, 1935, the plaintiffs made a demand for arbitration and appointed one Robert J. Archer as their arbitrator. Thereafter the defendant appointed Sydney J. Benton as his arbitrator and one Richard H. Forster of Rolls & Sons (Produce) Limited of London, as his representative " for all the purposes of the arbitration ". The two arbitrators appointed one William George Callcut as umpire, to act in case of need.

Richard H. Forster, as defendant's London representative, wrote the arbitrators, claiming that at least four specified questions of law were involved in the arbitration upon which the court's decision was desired. Accordingly, he requested the arbitrators to " state such questions of law on your award in the form of a Special Case for the decision of the Court."

At the conclusion of the hearings which were held in London, England, an award dated November 27, 1935, in the form of a Special Case, was made by the arbitrators in favor of the plaintiffs. The matter was then placed on the calendar in the King's Bench Division of the High Court of Justice in London, for argument on the questions of law raised in the award. Notice thereof was given to the defendant, his representative Mr. Forster, and to Hatchett, Jones & Co., a firm of solicitors who, it appears, purported to represent the defendant in connection with the legal questions raised in the award.

The hearing was fixed by the court for July 22, 1936, on which date the award in the form of a Special Case was submitted to Mr. Justice Porter who, in an order dated the same day, stated " This Court is of opinion that the Award in favour of the Claimants is correct." He also directed that the defendant herein pay the costs which were to be taxed by a Taxing Master.

The effect of the order of July 22, 1936, was to confirm the arbitrators' award and to make it final and complete. The defendant herein took no appeal from that order and it appears that his time to appeal therefrom has expired.

In October, 1936, the plaintiffs instituted a proceeding in the King's Bench Division of the High Court of Justice to enforce the award in the same manner as a judgment. Such a proceeding is commenced by the service of an " originating summons " which must be served personally unless otherwise ordered. There being no one in England upon whom the summons could be served personally, service was made upon the defendant in the city of New York, pursuant to the provisions of an ex parte order obtained in the High Court of Justice.

The " originating summons ", which is comparable to our notice of motion, directed the defendant to attend the Master in Chambers at the Royal Courts of Justice, Strand, London, on November 27, 1936, on the hearing of an application of the plaintiffs herein to enforce the award in the same manner as a judgment. On the return day a representative of the firm of Hatchett, Jones & Co. appeared and requested an adjournment on behalf of the defendant, which was refused by the Master, who made an order dated the same day granting the plaintiffs' application. A judgment in favor of the plaintiffs was later entered thereon in the High Court of Justice, King's Bench Division, on March 23, 1937.

The complaint in the case at bar sets forth two causes of action. The first is based upon the judgment of March 23, 1937, and the second cause of action is on the award itself which was made by the arbitrators on November 27, 1935.

The motion for summary judgment on the first cause of action was properly denied. While the defendant participated in the arbitration and authorized Forster to act as his representative for the purposes of the arbitration, it cannot be said that the authority so conferred extended to a proceeding in the English courts for the enforcement of the award as a judgment. Once the award became final, the authority ceased unless the defendant submitted to the jurisdiction of the English courts personally or through his duly authorized agent. The

defendant contends that he neither appeared nor authorized anyone to appear in his behalf in the proceeding and that no acts were done on his part or in his behalf sufficient to confer jurisdiction upon the English courts. A triable issue of fact was therefore presented, which required the denial of the motion as to the first cause of action.

Summary judgment, however, should have been granted on the second cause of action. As we have seen, Richard H. Forster was appointed by the defendant as his representative " for all the purposes of the arbitration." It was he who requested that the award be made in the form of a Special Case, which necessitated a submission of the legal questions raised to the court for determination. That court proceeding, as distinguished from the proceeding to enforce the award as a judgment, was necessary in order that the award become final.

The parties submitted to arbitration, selected their own arbitrators, impliedly agreed to abide by their decision, and participated in the arbitration which proceeded to a final award, in accordance with the procedure requested by the defendant. By the order of July 22, 1936, which was not appealed from, the award became final and was valid and binding upon him. The defendant, therefore, cannot be heard to impeach the finding of the arbitrators.

We are of the opinion, therefore, that the arbitrators' award, arising as it did out of the contracts entered into between the parties, comes within the purview of subdivision 1 of rule 113 of the Rules of Civil Practice.

For the reasons assigned, the causes of action should be severed, the amended answer, insofar as it is directed to the second cause of action, stricken out, and judgment granted in favor of the plaintiffs on that cause of action.

The order appealed from should, therefore, be modified accordingly, and as so modified affirmed, with twenty dollars costs and disbursements to the appellants.

MARTIN, P. J., TOWNLEY, UNTERMYER and COHN, JJ., concur.

Order unanimously modified by granting plaintiffs' motion for summary judgment on the second cause of action, and as so modified affirmed, with twenty dollars costs and disbursements to the appellants. Settle order on notice.