In the Matter of Arbitration between RED LINE COMMERCIAL Co., INC., Respondent, and PASTENE Co., LIMITED, Appellant.

First Department, November 2, 1945.

*Joseph Joffe* of counsel (*Max Schoengold* with him on the brief; *Joffe & Joffe*, attorneys), for appellant.

*Irving Schneider* of counsel (*Norman & Allen*, attorneys), for respondent.

Wasservogel, J.  While the contract between the parties provided for arbitration of any dispute arising under it, neither the contract nor the rules of the American Spice Trade Association, which were made part of the contract, conferred upon the Supreme Court of the State of New York jurisdiction in personam of the appellant, a Canadian corporation. The appellant did not take part in the arbitration and an award was made against it. Petitioner then moved for an order to confirm the award and for judgment thereon.

Notice of motion to confirm the award was served upon the appellant by mail. The appellant defaulted and an order was made confirming the award and directing entry of judgment against appellant for $1,622.58. The appellant thereupon moved to vacate the judgment and a subpœna duces tecum for the examination of the judgment-debtor-appellant, asserting lack of jurisdiction.

We do not agree with the holding by the court at Special Term, that the judgment was entered pursuant to the contract. The appellant did not consent to the jurisdiction of the New York court by consenting to arbitration in New York. Personal jurisdiction must first be obtained before judgment may be entered upon the award. Service by mail was not sufficient (*Sargant* v. *Monroe,* 268 App. Div. 123).

The order appealed from should be reversed, with $20 costs and disbursements, and the motion to vacate the judgment and the subpœna duces tecum granted.

CALLAHAN, J. (dissenting). The contract in this case provided "Arbitration: Differences, if any, to be settled by arbitration in accordance with the Rules of the American Spice Trade Association, New York."

The rules of the American Spice Trade Association, New York, provide for a standard form of arrival contract, containing the provisions: "All questions and controversies, and all claims arising under this Contract shall be submitted to and settled by Arbitration under the Rules of The American Spice Trade Association printed on the reverse side hereof. This contract is made as of in New York."

Said rules of the American Spice Trade Association, New York, also provide:

Rule 1. "Disputes.— Any question, controversy or claim whatever between buyer and seller, arising out of this contract, not adjusted by mutual agreement, shall be settled by arbitration in New York under the rules herein provided."

Rule 15. "Arbitration.— The following regulations shall govern all arbitrations held under this contract. * * *.

"E. Award.— The award of such arbitrators and umpire or sole arbitrator shall be final and binding on both parties * * *. Settlement under an arbitration award or award of the Arbitration Committee shall be made within ten days from the date of such award, and if not so settled, judgment may be entered thereon in accordance with the practice of any Court having jurisdiction."

Read together these rules provide for a contract made as of in New York with arbitration in New York, and for the right to the entry of a judgment in accordance with the practice of any court having jurisdiction.

We think that these provisions are sufficiently broad to warrant a holding that it was the intention of the parties that any award in arbitration could be enforced by a judgment to be entered in a New York court having jurisdiction of arbitration proceedings maintained therein, and did not require jurisdiction in personam based on residence of the parties.

In *Gilbert* v. *Burnstine* (255 N. Y. 348) it was said that "Defendants' agreement without reservation to arbitrate in London according to the English statute necessarily implied a submission to the procedure whereby that law is there enforced. Otherwise the inference must be drawn that they never intended to abide by their pledge. They contracted that the machinery by which their arbitration might proceed would be foreign machinery operating from the foreign court."

*Sargant* v. *Monroe* (268 App. Div. 123) holds nothing con-trary to the views herein expressed. In that case the contract merely provided for arbitration in London and contained no provision for an entry of judgment upon an award.

The order should be affirmed.

MARTIN, P. J., and GLENNON, J., concur with WASSERVOGEL, J.; CALLAHAN, J., dissents in opinion in which TOWNLEY, J., concurs.

Order reversed, with $20 costs and disbursements, and the motion to vacate the judgment and the subpœna duces tecum granted. Settle order on notice.