In the Matter of the Arbitration between GALBAN LOBO Co. IMPORTING AND EXPORTING ASSOCIATION, S. A., Petitioner, and HAYTIAN AMERICAN SUGAR Co., S. A., Respondent.

Supreme Court, Special Term, New York County, April 15, 1946.

*John J. Leighton* for petitioner.

*Wise, Shepard, Houghton & Kelly* for respondent.

GAVAGAN, J. Petitioner's motion to compel arbitration is resisted by respondent's cross motion to vacate service. The contract provided for arbitration in New York. Service was made upon an officer of respondent present in New York. It is not disputed that respondent is a foreign corporation, is not authorized to do business and does no business in this State. The person served is not here on the business of the respondent.

Section 1450 of the Civil Practice Act, as amended September 1, 1944 (L. 1944, ch. 423), provides: "The making of a contract or submission for arbitration described in section fourteen hundred forty-eight hereof, providing for arbitration in this state, shall be deemed a consent of the parties thereto to the jurisdiction of the supreme court of this state to enforce such contract or submission."

It would seem clear that prior to September 1, 1944, a contract providing for arbitration in New York would be insufficient to confer jurisdiction in personam upon the courts of this State to enforce the agreement. In *Gilbert* v. *Burnstine* (255 N. Y. 348, 352, 354) the contract provided for arbitration " at London pursuant to the Arbitration Law of Great Britain." The Court of Appeals held that such provision " implied a submission to the procedure whereby that Law is there enforced." Discussing the policy of taking jurisdiction over nonresidents or subjecting our citizens to alien jurisdictions, the court further said (p. 357): " If the fact be clear that in advance of any form of litigation or arbitration they actually intended to

contract that in the event of such a proceeding they would render themselves subject to foreign process, the same policy ought to prevail."

The contract here in dispute, providing for arbitration in New York, cannot be said to come within the application of the *Gilbert* case (*supra*), where the provision was for arbitration in London under the British Arbitration Act. The amendment of section 1450 of the Civil Practice Act is not, as petitioner contends, a mere codification of prior existing law. Such a contract as was here made prior to September 1, 1944, when taken together with the statute as amended, would effectively confer the jurisdiction for which petitioner contends. Not having had the benefit of the statute when the contract was made, the service is insufficient unless respondent is present within the State, which it is undisputed is not the fact.

In *Sargant* v. *Monroe* (268 App. Div. 123) summary judgment was granted upon a final award made in London. It appeared there, however, that the award became legally final and binding by virtue of respondent's participation in each step leading up to the award.

In *Matter of Red Line Commercial Co.* (*Pastene Co.*) (269 App. Div. 632) the Appellate Division held a contract provision for arbitration in New York as insufficient to confer jurisdiction in personam upon its courts. This is clear from the dissenting opinion which, in referring to the rules of the American Spice Trade Association, took the position that these rules made it plain that the contracting parties there intended not only to submit to arbitration in New York, but to submit to the New York courts within the meaning of the *Gilbert* case (*supra*).

The cross motion to vacate service is accordingly granted and the motion to compel arbitration is denied. Settle order.