Callahan, J.
Between August 26, 1941, and September 8, 1941, appellant entered into three written contracts with respondent’s predecessor for the sale of sugar, which contracts contained clauses providing that any dispute arising out of same be submitted to arbitration in. New York. Respondent’s predecessor was a Delaware corporation of the" same name as respondent. According to the petition all the obligations of the Delaware corporation were assumed hy respondent, which was organized under the lav/ of Haiti. The contracts, though negotiated in New York and signed by petitioner here, were formally " executed by the respondent’s predecessor in Haiti. They contained provisions that payments were to be made in New York, though deliveries were made outside the State.
Petitioner is a foreign corporation not licensed to carry on 1 business in this State. The petition for arbitration was served ' on an officer of respondent personally in New York, though respondent did not carry on business here.
*312 Special Term dismissed the petition for lack of jurisdiction. We deem that this was error.
An agreement to arbitrate in New York State questions arising under written contracts implies a consent without reservation to carry out such arbitration here, and' to submit to the procedure whereby the New York Arbitration Law is enforced. (Gilbert v. Burnstine, 255 N. Y. 348:)
In Matter of Heyman, Inc., v. Cole Company (242 App. Div. 362), we held that where parties contracted to arbitrate in New York any differences arising under their contract, such agreement conferred jurisdiction upon the New York courts over the persons of the parties in a proceeding brought therein to compel arbitration. We further held that service within this State of a petition to compel such arbitration on an officer of one of the contracting parties, a foreign corporation, was sufficient though the said corporation was not carrying on business here. In effect that decision held that due process was afforded by such service in view of the consent in the contract.
We held nothing contrary to the above in Sargant v. Monroe (268 App. Div. 123), nor in Matter of Red Line Commercial Co. (Pastene Co.) (269 App. Div. 632). Both of these cases are ' readily distinguishable on their facts.. Furthermore, said cases I relate solely to the right to enter a judgment based on arbitration ) awards. The only question presented upon this appeal is the right to compel the holding of arbitration proceedings. We do not pass on any question respecting the right to enter judgment, nor are we required at. this time to determine whether. the amendments to section 1450 of the Civil Practice Act which became effective September 1,1944, are applicable to these proceedings.
The order should be reversed, with $20 costs and disbursements to the appellant, the motion for an order directing Haytian Amp.rioa.Ti Sugar Co., S. A., to proceed to arbitration granted and the cross motion of Haytian American Sugar Co., S. A., for an order vacating and setting aside the service of the notice of motion herein on William A. Kroether denied.
Martin, P. J., Townley, Glbnnon and Dore, JJ., concur.
Order unanimously reversed, with $20 costs and disbursements to the appellant, the motion for an order directing Haytian American Sugar Co., S. A. to proceed to arbitration granted ■ and the cross motion of Haytian American Sugar Co., S. A. for an order vacating and setting aside the service of the notice of motion herein on William A. Kroether denied. Settle order on notice.