In the Matter of the Arbitration between BRADFORD WOOLEN CORP., Petitioner, and ISAAC E. FREEDMAN et al., Doing Business as ROYAL COAT MFG. Co., et al., Respondents.

Supreme Court, Special Term, New York County, April 10, 1947.

*Howard Sheldon* for petitioner.

*Tobias Weiss* for respondents.

CoHALAN, J. Cross motions are made, petitioner on the one hand seeks the confirmation of an arbitrator's award and the entry of judgment thereon, and on the other hand respondents, appearing specially, seek a dismissal of the petition on the ground of lack of jurisdiction over respondents, nonresident individuals and a foreign unlicensed corporation not doing business here. All notices in the arbitration proceedings and notice of this application have been served by mail on these respondents at places without this State. The contract between the parties, while providing for arbitration, does not fix the place thereof. The rules of the American Arbitration Association are by reference made a part of the contract. Under these rules the association has the power to fix the place of arbitration. In this case the power was exercised. It can be thus said that the parties contracted to fix the place of arbitration in New York. The contract was dated, the arbitration had, and these applications made after the effective date of the amendment to section 1450 of the Civil Practice Act (L. 1944, ch. 423, eff. Sept. 1, 1944).

Assuming the correctness of the holding that the contract, on the facts stated, is one calling for arbitration in New York, our courts have jurisdiction both by reason of the amendment to section 1450 of the Civil Practice Act and by reason of the law as it existed prior to that amendment (*Gilbert* v. *Burnstine*, 255 N. Y. 348; *Matter of Galban Lobo Co.* [*Haytian Am. Sugar Co.*], 271 App. Div. 310, 312). The extent of this jurisdiction was sufficient to compel the parties to carry out their arbitration agreement (*Matter of Heyman, Inc.,* v. *Cole Company*, 242 App. Div. 362), even without the amendment to section 1450 of the Civil Practice Act. It has been held in connection with contracts made prior to the amendment that in the absence of personal jurisdiction a judgment on the award could not be entered (*Sargant* v. *Monroe*, 268 App. Div. 123; *Matter of Red Line Commercial Co.* [*Pastene Co.*], 269 App. Div. 632). In *Galban Lobo Co.* case (*supra*) the Appellate Division in this Department held that in exercising jurisdiction in the case of a contract calling for arbitration in this State, it was not holding anything contra to its prior holdings in *Matter of Red Line Commercial Co.* (*Pastene Co.*) (*supra*) and in *Sargant* v. *Monroe* (*supra*). It further stated (p. 312) that it was unnecessary at that time, in connection with that appeal, to determine

" * * * whether the amendments to section 1450 of the Civil Practice Act which became effective September 1, 1944, are applicable to these proceedings." In those proceedings, i.e., the *Galban Lobo Co.* proceedings, the contract had been made prior to the effective date of the amendment to section 1450 of the Civil Practice Act. Such was the situation in the *Red Line Commercial Co.* case.

As previously pointed out, the contract in the proceedings at bar was made after the effective date. The question accordingly presents itself: Did the amendment to section 1450 of the Civil Practice Act overrule *Red Line Commercial Co.* case (*supra*) and *Sargant* v. *Monroe* (*supra*), or at least limit the effect of the latter case to submissions in those jurisdictions where there is no equivalent in law to the amendment to section 1450 of the Civil Practice Act? If this section, as amended, did not accomplish such purpose or purposes, it effected nothing beyond a codification of the existing case law (*Matter of Galban Lobo Co.* [*Haytian Am. Sugar Co.*], *supra*, p. 312, citing *Gilbert* v. *Burnstine, supra*). The reservations in the second from the last paragraph of the opinion in *Galban Lobo Co.* (*supra*) indicate that determination of the effect of the amendment was being held open until a case arose which presented a contract executed after the effective date of the amendment. Such a case has now arisen. Influenced by the reasoning of the minority opinion in *Matter of Red Line Commercial Co.* (*Pastene Co.*) (*supra*) it is held that the intent of the Legislature in amending section 1450 of the Civil Practice Act was to extend the jurisdiction of the court to the extent of permitting a direction for the entry of judgment in those cases where our courts have jurisdiction of the arbitration proceedings.

Respondents urge that any such construction of the amended section is unconstitutional and in violation of the due process clause of the Fourteenth Amendment of the Federal Constitution and of section 6 of article I of the State Constitution. In the light of the opinion of the late Chief Justice Stone in *International Shoe Co.* v. *Washington* (326 U. S. 310), this contention is overruled. There it was held (p. 320) : " It is enough that appellant has established such contacts with the state that the particular form of substituted service adopted there gives reasonable assurance that the notice will be actual. (citing cases) Nor can we say that the mailing of the notice of suit to appellant by registered mail at its home office was not reasonably calculated to apprise appellant of the suit."

At bar, the consent to arbitrate in New York was the establishment of contact with this State and service of the papers by mail gave sufficient notice to respondents, both at the arbitration proceedings proper and on this application to bring forth objections from them as to jurisdiction. Respondents, if so advised, will be heard on the merits on the confirmation of the award. In this event, their counsel is directed to notify this court within ten days of service of a copy of this order with notice of entry thereof and provisions will be made for the service of answering affidavits and an exchange of briefs. If they elect not to be heard on the merits of petitioner's application, the same will be granted in all respects and an order so providing, is to be entered on ten days' notice to the respondents given as directed in the order to show cause, dated March 10, 1947.