In the Matter of the Arbitration between STEIN-TEX INC., Petitioner, and VINCENT SCAPPATILLIO et al., Respondents.

Supreme Court, Special Term, New York County, August 12, 1948.

*Wolfe & Kalmanash* for petitioner.

*Nachamie & Benjamin* for respondents.

GREENBERG, J. Motion to confirm award of arbitrators and for an order directing entry of judgment thereon is granted. The respondents comprise a partnership and the basic ground of opposition is that the order-contract, insofar as it relates to an agreement to arbitrate, is invalid in that it was not authorized by all the partners. In support of this claim the respondents rely on clause (e) of subdivision 3 of section 20 of the Partnership Law, which provides as follows: " 3. Unless authorized by the other partners or unless they have abandoned the business, one or more but less than all the partners have no authority to: * * * (e) Submit a partnership claim or liability to arbitration or reference."

The respondent partnership consists of three members — Scappatillio, Vitaglione and Capitumino. On January 8, 1948, the copartnership, which does business under the firm name and style of Vee Togs Blouse Co., entered into an order-contract for the purchase from petitioner of 10,000 yards of certain described merchandise. Paragraph 8 of this contract contains a clause for a submission of any controversy arising under or in relation to the contract to arbitration. The contract was signed for the partnership by the respondent Scappatillio. Only Vitaglione makes the claim that the partnership never gave its consent to arbitration; the other two partners make no such claim; they make no affidavit on this motion.

The contract, as stated, was made on January 8, 1948. The next day the petitioner billed the respondents for 29¾ yards of the material purchased by the respondents; this was sample yardage which the respondents desired so they could make up their samples to sell this item; this bill was paid by the respondents on July 19th. Attached to this bill was a copy of the order-contract.

When, in March, the goods were delivered the respondents declined to accept them, stating that since making the contract the goods had gone down in price and that they would not accept the goods at the price contracted for. It seems odd that the partnership, after refusing the goods in March, paid for the sample yardage on July 19th, if the partnership never authorized Scappatillio to enter into the order-contract mentioned. One gains the impression that the respondents probably went into the open market, purchased this merchandise at a lower price, and that the claim now advanced of want of authority of Scappatillio to make the contract is an afterthought, conceived as a ground of opposition to this motion.

The record discloses that the respondents were given due notice of every step taken in the arbitration proceedings and never once urged that Scappatillio was without authority to sign the order-contract in the form signed.

It is also significant to note that respondents state they are now willing to join in an arbitration if this court will direct a rehearing before new arbitrators.

If the respondents' principal claim is untenable, they are not entitled to have the proceedings reopened or to a repeat arbitration, after having been afforded every reasonable opportunity to participate in the arbitration (*Matter of Stafford Int. Corp.* [*Hartman Hosiery Co.*], N. Y. L. J., April 2, 1948, p. 1214, col. 3).

It is not claimed that Scappatillio, as a partner, was without authority to enter into contracts for the partnership, generally, or that he was unauthorized to enter into the order-contract here, and the assent thereto of the other partners may be implied from circumstances and general course of conduct, or failure to object.

In *Pierce* v. *Morrison* (6 Hun 235) it is held that though one partner may not bind his copartner by a submission to arbitration, yet any manner of authority given by one partner to his copartner will be sufficient to bind the firm; that it is enough, whatever its form, if it appears that it was the intent to allow the partner to act as he did and that it will be sufficient to render the arbitration valid. Such assent may be express or implied.

I think the assent may be implied here from the fact that there is no claim that Scappatillio was not authorized to sign the order-contract, and that is further shown by the payment of the bill for the samples furnished, which related to the purchase under the order-contract, and that such payment constituted a ratification of the order-contract as made.

Scappatillio being authorized to make the contract for the partnership, it is bound by its terms and provisions, and respondents may not, to suit their purpose, cull therefrom one particular portion, or assent to some only; the contract, in its entirety, controls. Settle order.