MIDESSA TELEVISION CO., Inc.,
Appellant,

v.

MOTION PICTURES FOR TELEVISION,
INC., Appellee.

No. 18737.

United States Court of Appeals
Fifth Circuit.

May 17, 1961.

W. B. Browder, Jr., Walter C. Beardsley, Midland, Tex., Stubbeman, McRae, Sealy & Laughlin, Midland, Tex., of counsel, for appellant.

Thomas O. McWhorter, Midland, Tex., Frank Bezoni (of Perkins, Bezoni, Kirwan & McWhorter), Midland, Tex., for appellee.

Before TUTTLE, Chief Judge and HUTCHESON and BROWN, Circuit Judges.

HUTCHESON, Circuit Judge.

This is an appeal from a summary judgment granting the appellee—plaintiff below—judgment against the defendant below, and dismissing defendant's counterclaim. The suit was brought to enforce a judgment of a state court, The Supreme Court of New York, enforcing and amending an award of arbitrators, conducted under New York law, under the provisions of a written agreement between plaintiff and defendant.

■ Recognizing the general rule, that, in a suit on a judgment of a court of one of the states, full faith and credit requires the enforcement of the judgment unless it is shown that the judgment was entered without jurisdiction, the defendant attacked the judgment on the ground that the court was without jurisdiction to enter the judgment and on the ground that the judgment was based on fraud. This latter defense was based on the claim that the award of the Arbitration Board was for $5,455.63, and that it was amended in the New York Supreme Court and a judgment entered for a sum in excess of $20,000.

The stipulated facts and the exhibits show that plaintiff had agreed to the arbitration in accordance with New York law and had also agreed to the jurisdiction of the Arbitration Board and the courts of New York as provided in New York law,[1] and there was no question but that the Arbitration Board and the court had jurisdiction of defendant which had expressly agreed to their jurisdiction. It was also shown without dispute that defendant had been notified in the manner agreed upon of the proceeding filed in the New York court for amendment of the arbitration and had failed to appear at the hearing, despite the notice which was given it.

■ Plaintiff relied below and relies here on the established rule that in a suit on a judgment of a state court, predicated on proper jurisdiction over the subject matter and person, as was the case here, through the consent thereto of defendant under the full faith and credit clause and the decisions under it, the judgment is not subject to collateral attack. Ripley Fabrics Corp. v. Hymen, D.C., 91 F.Supp. 1007; Milliken v. Meyer, 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278; Morris v. Jones, 329 U.S. 545, 67 S.Ct. 451, 91 L.Ed. 488.

■ In a suit on such a judgment, no defense may be set up which goes to the merit of the original controversy. Milwaukee County v. M. E. White Co., 296 U.S. 268, 56 S.Ct. 229, 80 L.Ed. 220. There is no better settled principle in the law than that a judgment for the merits in one suit is res judicata in another, where the parties and the subject matter are the same, not only as respects matters actually presented to sustain or defeat the right asserted but also as to any other available matter which might have been presented. Cromwell v. County of Sac, 94 U.S. 351, 24 L.Ed. 195; Baltimore Steamship Co. v. Phillips, 274 U.S. 316, 47 S.Ct. 600, 71 L.Ed. 1069. The defendant, having voluntarily chosen not to assert any defenses in the New York proceeding, is foreclosed from asserting them now. Such matters are res judicata and the New York judgment must be given full faith and credit.

■ Appellant's complaint that its allegations of fraud should have entitled it to a re-litigation of the New York proceeding are without substance or merit, first because there is no claim presented that the fraud was extrinsic, that is that

---

1. Article 84, Civil Practice Act, State of New York, Sections 1448, 1450, 1451, and 1462-a.

it prevented a trial of issues determinative of the controversy, United States v. Throckmorton, 98 U.S. 61, 25 L.Ed. 93; Crouch v. McGraw, 134 Tex. 633, 138 S. W.2d 94. The appellant had every opportunity to litigate the case in New York. It failed through its negligence or deliberate omission to do so and was not prevented from doing so by any act of appellee, and it may not litigate the issue in a collateral attack upon the judgment. While a distinction is made between extrinsic and intrinsic fraud, United States v. Throckmorton, supra, United States v. Beebe, 180 U.S. 343, 21 S.Ct. 371, 45 L.Ed. 563; 49 C.J.S. Judgments § 372(b), p. 735, this becomes irrelevant on a collateral attack on a judgment after it is determined that the court had jurisdiction. The matter of jurisdiction is the sole point of inquiry. On this premise of jurisdiction, the courts have held that a ground of fraud cannot be pleaded in an action in one state on a judgment obtained in another. Simmons v. Saul, 138 U.S. 439, 11 S.Ct. 369, 34 L.Ed. 1054. In addition, nothing is stated in the defendant's answer or otherwise shown which would support a claim of fraud even if that could be gone into. As the stipulated facts and the exhibits set out in the record show, defendant was notified of and given full opportunity to contest the motion of the plaintiff in the New York Supreme Court to amend the arbitration.

Further, a careful examination of the judgment and the record in respect to the amendment of the arbitration discloses no fact which supports the defendant's claim of fraud. Having consented by solemn agreement to arbitration and to the jurisdiction of the New York courts and laws, in all matters relating to the contract, its validity, and the obligations thereunder, and these having been determined under New York law, the defendant could have no complaint which would support a collateral attack. "An agreement that all differences arising under contract shall be submitted to arbitration relates to the law of remedies, and the law that governs remedies is the law of the forum." Meacham v. Jamestown F. & C. R. Co., 211 N.Y. 346, 105 N.E. 653, 655. This rule is well settled in Red Cross Line v. Atlantic Fruit Co., 264 U.S. 109, 44 S. Ct. 274, 68 L.Ed. 582, and Marine Transport Corp. v. Dreyfus, 284 U.S. 263, 52 S.Ct. 166, 76 L.Ed. 282. The arbitration agreement was valid under the laws of the State of New York, and the New York judgment must be given full faith and credit, as the district judge below correctly held. His judgment was right and it is therefore affirmed.