Henry Clay Greenberg, J.
Petitioner applies pursuant to 7510 Civil Practice Law and Buies for an order confirming an award in arbitration and pursuant to 7514 (subd. [a]), for entry of judgment thereon. Bespondent contests the jurisdiction of this court over the subject matter and over the foreign corporation.
The facts in the present controversy are undisputed. Petitioner, a New York corporation and respondent, a foreign corporation not doing business in New York, entered into a contract in writing, which provided that: “ Any difference under this contract is to be settled by arbitration under the rules of the American Arbitration Association of New York. For the purposes of this arbitration the laws of the State of New York shall apply.”
A dispute thereafter arose, and pursuant to the contractual provision, petitioner initiated arbitration proceedings. Although respondent upon receipt of a demand for arbitration requested, in writing, and received ‘ ‘ an extension of time to file an Answering Statement,” it did not participate in any manner in the arbitration proceedings.
Bespondent does not controvert the adherence by petitioner and by the American Arbitration Association to all of the mandates of the association, nor, of especial significance, does respondent contend that notice of all of the steps of the arbi *29 tration proceeding was not communicated to it pursuant to the rules of the association.
Petitioner concedes that neither the demand for arbitration nor the notice initiating the present application conformed to the procedural requisites of article 75 of the Civil Practice Law and Buies, nor can petitioner deny that the subject contract is barren of a specifically expressed provision to fix New York as the arbitration forum.
Thus, the critical question now presented for determination by this court is whether the agreement to be bound by the Buies of the American Arbitration Association of New York and the subsequent compliance therewith conferred jurisdiction by consent upon the New York courts.
Decisional precedents in New York, to which law respondent has expressly subjected itself, dictate an unequivocal affirmative answer to this query.
The doctrine of jurisdiction by consent enunciated in Gilbert v. Burnstine (255 N. Y. 348) has attained the status of a time-honored rubric of our law, and this court will not countenance the interposition of latter-day misgivings once contractual consent is established. In the contract involved herein, respondent agreed to arbitrate ‘ ‘ under the rules of the American Association of New York.” Section 10 of the aforesaid rules provides that, “ [i]f the locality is not designated in the contract * * [and] * * any party requests that the hearing be held in a specific locale and the other party files no objection thereto, within seven days after notice of the request, the locale shall be that requested by the party.” Petitioner duly requested that New York be selected as the locale for the arbitration hearings, and pursuant to section 10, New York was so designated and the hearings were conducted here. Bespondent thus voluntarily sanctioned the designation of New York as the contractual arbitration forum, and the courts of this State have jurisdiction to enter judgment on an award of an arbitration proceeding held in New York (CPLB 7501). Accordingly, respondent must be deemed to have consented to the jurisdiction of the courts of New York to enforce the subject contract (see Matter of Staklinski [Pyramid Elec. Co.], 10 Misc 2d 706, affd. 6 A D 2d 565, affd. 6 N Y 2d 159).
In like manner, respondent consented pursuant to section 39 of the Buies of the American Arbitration Association that ‘ ‘ any papers, notices or process necessary or proper for the initiation or continuation of an arbitration under these rules and for any court action in connection therewith or for the *30 entry of judgment on any award made thereunder may be served upon such party (a) by mail addressed to such party or his attorney at his last known address ’ Such notice does not offend the due process requirements. ‘ Ordinarily a court can acquire jurisdiction of the person of a defendant only by service of process within the jurisdiction of the court; but that rule does not apply where the defendant ‘ has agreed in advance to accept * * * some other form of service as sufficient ’ ” (Pohlers v. Meter Mfg. Co., 293 N. Y. 274, 279).
In accordance with the foregoing, petitioner’s motion is granted. No costs.