Richard DICKSON, a minor, by his mother and next friend, Mrs. Patricia Crum, Plaintiff,

v.

Jay E. HOFFMAN and Government Employees Insurance Company, Defendants.

Civ. A. No. T–4558.

United States District Court
D. Kansas.

Nov. 5, 1969.

---

George V. Allen, Lawrence, Kan., for plaintiff.

Jay E. Hoffman, in pro per.; James E. Benfer, Topeka, Kan., for defendant, Government Employees Insurance Co

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

TEMPLAR, District Judge.

Plaintiff, a minor child, brings this action by his next friend against defendants to recover damages alleged to have been suffered by reason of the operation by defendant Jay E. Hoffman of an uninsured motor vehicle.

It is alleged that defendant, Government Employees Insurance Company, had issued its policy of liability insurance covering the motor vehicle of plaintiff's stepfather with whom plaintiff resided and that the policy was in full force and effect on August 19, 1967, the date on which plaintiff suffered personal injuries; that said defendant insurance company had, without just cause, refused to pay the amount of damages it had agreed to pay under the circumstances and to which plaintiff was legally entitled under the terms and provisions of the insurance contract. The insurance contract contained a provision providing for the "protection from an uninsured motorist."

Defendant insurance company filed its *motion to dismiss on the grounds that* the insurance contract contains an arbitration provision which provides that no suit can be filed as a result of an uninsured motorist's claim where either party demands arbitration. The motion recites, in part:

"This defendant does demand arbitration and has previously, through its attorney James E. Benfer advised said plaintiff's attorney of the arbitration provision of said policy and has further made demand against the plaintiff for arbitration according to the terms of the contract."

From the record it appears that plaintiff's injuries were suffered August 19, 1967. Negotiations for disposition of the claim continued until April 18, 1969, the date on which suit was instituted. No formal demand for arbitration, under the contract, was made by defendant prior to that time and not until after the action of plaintiff was filed.

The provision on which defendant relies, reads as follows:

"If any person making claim hereunder and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing under this Part, then, upon written demand of either, the matter or matters upon which such person and the company do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. Such person and the company each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to this Part."

The contract contains another pertinent provision, which reads:

"19. Terms of Policy Conformed to Statutes: Terms of this policy which are in conflict with the statutes of the State wherein this policy is issued are hereby amended to conform to such statutes."

The Kansas statutory law is found in Chapter V of the Kansas Statutes Annotated. This statute has been interpreted by the Kansas Supreme Court on a num-

**1042**

ber of occasions, the last instance appears to be in the case of Thompson v. Phillips Pipe Line Company, 200 Kan. 669, 438 P.2d 146.

■ That the revocation of an agreement to arbitrate may be implied from the act of plaintiff in filing his suit seems clear. The Kansas court in *Thompson,* supra, at page 675, 438 P.2d at page 151, said:

"We are of the opinion the contracts contain mere naked agreements to arbitrate, which are revocable at will by either party at any time before an award is made," [and]

"Revocation is to be implied from any act which makes it impossible for arbitrators to proceed."

■ There are probably other reasons for denying defendant's motion. Plaintiff is a minor of tender years. The weight of authority appears to hold that an agreement by an infant to submit a controversy, whether present or future, to arbitration is not enforceable against an infant. See Anno., 24 A.L.R.3rd 1325, 1337.

Furthermore, the Kansas statute, being the law of the forum, reads as follows:

"Minor bound by contracts, when. A minor is bound not only by contracts for necessaries, but also by his other contracts, unless he disaffirms them within a reasonable time after the [sic] attains his majority, and restores to the other party all money or property received by him by virtue of the contract and remaining within his control at any time after his attaining his majority." K.S.A. 38–102.

■ Public policy of Kansas established by statute and by court decisions requires that this Court sustain the plaintiff's right to disaffirm.

The Court holds that the filing of the action by the minor is equivalent to and implies disaffirmance of the arbitration provision of the contract in any event.

■ Again, the right to rely on a contractual provision for arbitration may be waived by failure of an insurer to request arbitration where he has ample opportunity to do so before action is filed. See 5 Am.Jur.2d, "Arbitration and Award", § 51, p. 556.

■ Defendant insurance company contends that the law of the District of Columbia controls the interpretation and enforcement of the contract. Whether the contract was entered into in Washington, D. C., or elsewhere, need not be decided. The agreement that all differences arising out of the contract shall be submitted to arbitration relates to the law of remedies, and the law that governs remedies is the law of the forum. Red Cross Line v. Atlantic Fruit Co., 264 U.S. 109, 44 S.Ct. 274, 68 L.Ed. 582; Bernhart v. Polygraphic Co., 350 U.S. 198, 76 S.Ct. 273, 100 L.Ed. 199; and Midessa Television Co. v. Motion Pictures For Television, Inc., 290 F.2d 203 (5th Cir.).

■ The public policy of Kansas, established by the decisions of its courts, is supreme and should not be relaxed by this Court even on the grounds of comity. See Union Trust Co. v. Grosman, 245 U.S. 412, 38 S.Ct. 147, 62 L.Ed. 368 and Barbour v. Campbell, 101 Kan. 616, 168 P. 879.

There are perhaps other reasons why defendant's position is not sound but the foregoing determinations are sufficient to support the ruling of the Court that defendant's motion to dismiss should be denied.

It is so ordered.