**Earl V. HOGAN, Plaintiff-Appellant,**

v.

**Mrs. Marjory (Hogan) MORRIS,**
**Defendant-Appellee.**

**No. 28678**

**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

April 6, 1970.

Earl V. Hogan, pro se.

Ben H. Stone, Jr., Stone, Stone & Chambers, Amarillo, Tex., for appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

**PER CURIAM:**

Appellant, Earl V. Hogan, and appellee, Marjory (Hogan) Morris, were owners, as tenants in common, of certain land in Texas. Marjory Morris instituted a suit in the District Court of Hunt County, Texas, for the statutory partition of these lands. Earl Hogan was served with a non-resident notice in accordance with the laws of the State of Texas. His attorney filed a written answer to the suit.

The state court thereafter granted Marjory Morris' motion for summary judgment in which it determined that the land was incapable of partition in kind and ordered that it be partitioned by sale. A court appointed receiver sold the land and the proceeds were paid to Earl Hogan and Marjory Morris.

Hogan subsequently filed suit in the District Court seeking damages of thirty million dollars, apparently for the malicious prosecution of the partition suit. The District Court dismissed the suit with prejudice. We affirm.[1]

An examination of the transcript of the proceedings in the state court discloses no irregularity. The issues raised by the pleadings were whether Marjory Morris was entitled to a partition of the lands and whether Earl Hogan was entitled to prevail on the defenses he alleged which were factually the same as those he has alleged as the basis for this suit. Marjory Morris was awarded judgment of partition and no appeal was prosecuted by Earl Hogan. The parties and issues being the same in the state court and the District Court, the defense of res judicata was applicable. Midessa Television Co. v. Motion Pictures for Television Inc., 5 Cir. 1961, 290 F.2d 203, cert. denied 368 U.S. 827, 82 S.Ct. 47, 7 L.Ed.2d 30.

Furthermore, the state court proceedings and judgment being regular upon their face, and the judgment being final and unappealable, it is not subject to collateral attack in the District Court. Midessa Television Co. v. Motion Pictures for Television Inc., *supra.*

The judgment of the District Court is Affirmed.

---

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir. 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5 Cir. 1969, 417 F.2d 526, Part I.