**WYDEL ASSOCIATES, a partnership, d/b/a El Tropicano Motor Hotel**

v.

**THERMASOL, LTD.**

No. SA 77 CA 98.

United States District Court,
W. D. Texas,
San Antonio Division.

May 15, 1978.

Edwin K. Nolan, Canyon Lake, Tex., for plaintiff.

J. Michael Myers, Groce, Locke & Hebdon, San Antonio, Tex., for defendant.

## MEMORANDUM OPINION

SPEARS, Chief Judge.

This case is before this Court after its removal from state court by the defendant on grounds of diversity. The plaintiff is a Texas partnership and the defendant is a Delaware corporation with its principal place of business in New Jersey. The defendant has alleged that this Court lacks subject matter jurisdiction over this controversy, and in·the alternative, that the defendant is entitled to summary judgment.

## THE FACTS

The plaintiff is seeking recovery for the defendant's alleged breach of contract, breach of warranty and violation of the Texas Deceptive Trade Practices Act. The defendant has moved to dismiss these claims because the contract upon which plaintiff's suit is based expressly provides that all disputes relating to that contract shall be decided by arbitration in the State of New York.

The plaintiff's original petition reflects its knowledge that the defendant had previously filed a demand for arbitration with the American Arbitration Association in New York. While the instant suit was pending before this Court, the defendant proceeded to arbitrate the dispute in New York. The arbitrator's award was entered and subsequently confirmed by judgment of the New York Supreme Court on September 28, 1977. The plaintiff has not participated in any of the New York proceedings, and the defendant has brought a counterclaim in this Court for the enforcement of the New York judgment.

## THE LAW

While the scope of judicial review is very limited where arbitration is involved, it is clear that the question of whether there exists a valid agreement to arbitrate is for the courts, rather than the arbitrator, to decide. *International Union of Operating Engineers, Local 150, AFL–CIO v. Flair Builders,* (Ill.1972) 406 U.S. 487, 92 S.Ct. 1710, 32 L.Ed.2d 248; *Garlick Funeral Homes, Inc. v. Local 100 Service Emp. Intern. Union, AFL–CIO* (D.C.N.Y.1976) 413 F.Supp. 130, 134. Since the plaintiff has challenged the *in personam* jurisdiction of the New York court, such a collateral attack will necessarily involve the question

whether this agreement to arbitrate is binding upon the plaintiff so as to evidence its consent to jurisdiction of the New York courts. see *Midessa Television Co. v. Motion Pictures for Television*, 290 F.2d 203 (5th Cir. 1961) *cert. denied* 368 U.S. 827, 82 S.Ct. 47, 7 L.Ed.2d 30.

■ It is the opinion of the Court that the mere presence of an arbitration clause in the contract does not serve to oust this Court of the very limited jurisdiction to determine, at least under these facts, whether there exists a valid and binding agreement to arbitrate.

■ The defendant contends that the New York judgment should be accorded full faith and credit and that all defenses to the counterclaim raised by the plaintiff, as well as the plaintiff's case-in-chief, are barred from this Court's consideration by the principles of *res judicata*. It is clear that the judgment of a state court confirming an arbitrator's award should be given conclusive effect in a subsequent federal suit. *Moran v. Paine, Webber, Jackson & Curtis*, 389 F.2d 242 (3rd Cir. 1968).

■ Although the defendant's argument in favor of applying *res judicata* is persuasive, the threshold question remains whether the pleadings and proof thus far on file in this cause demonstrate without any genuine factual dispute the plaintiff's consent to the jurisdiction of the New York courts. The existence of a forum selection clause alone has been held insufficient in and of itself to confer *in personam* jurisdiction. *Agrashell v. Bernard Sirotta Co.*, 344

F.2d 583 (2d Cir. 1965). Nevertheless, the making of an agreement providing for arbitration in New York is clearly sufficient to confer *in personam* jurisdiction over a non-resident defendant so that the courts can enforce the agreement and enter judgment upon the award. *Hamilton Life Ins. Co. v. Republic National Life Ins. Co.*, 408 F.2d 606 (2d Cir. 1969) and *Samincorp So. Amer. M & M Corp. v. Tikvah Min. Co.*, 43 Misc.2d 27, 250 N.Y.S.2d 151 (Sup.Ct.N.Y.Co., 1964). Thus, jurisdiction over a foreign corporation has been conferred by consent even though the foreign corporation was not "doing business"[1] in New York. *Marcus A. Heyman, Inc. v. B. E. Cole Co.*, 242 App.Div. 362, 275 N.Y.S. 23 (N.Y.Sup.Ct., App.Div., 1934). The rationale underlying these cases is that contractual obligations should be respected and enforced. It therefore appears that the arbitration clause in the instant case,[2] which is accompanied by a forum selection clause,[3] is sufficient to confer such *in personam* jurisdiction if it is binding upon this plaintiff.

Since the contract was executed by less than all the partners of the Texas partnership, Wydell Associates contends that the arbitration clause contained therein should not be binding upon the partnership because the executing partner exceeded the scope of his authority under Section 9(3)(e) of the *Uniform Partnership Act*[4] in executing this portion of the contract. While there is very little decisional authority construing it, this section clearly purports to limit the authority of partners to submit existing claims to arbitration. And even if

---

1. In the absence of consent to jurisdiction, the power to render judgment *in personam* would depend upon a defendant's presence or activities within the territorial jurisdiction of the Court. *Smith v. Hydro Gas Co. of West Fla.*, 157 F.2d 809 (5th Cir. 1946), *cert. denied*, 330 U.S. 844, 67 S.Ct. 1084, 91 L.Ed. 1289.

2. Paragraph 20 of the contract provides: "All claims, disputes and other matters in question arising out of, or relating to, this Agreement or the breach thereof shall be decided by arbitration in accordance with the rules of the American Arbitration Association. All arbitration hearings shall be held in the City and State of New York."

3. Paragraph 23 of the contract provides: "This Agreement is deemed to have been executed in the County and State of New York and shall be interpreted and governed by the laws of the State of New York."

4. § 9(3)(e) of the U.P.A. provides:
   "Unless authorized by other partner . . , less than all the partners have no authority to:
   \*       \*       \*       \*       \*       \*
   (e) submit a partnership claim or liability to arbitration or reference." *Tex.Rev.Civ.Stat.*, art. 6132b § 9(3)(e); *N.Y. Partnership Law*, § 20(3)(e).

it is assumed that this section of the U.P.A. applies also to agreements to arbitrate future disputes, such as the agreement here at issue, there remain two valid reasons why this agreement to arbitrate is binding upon the plaintiff as a matter of law.

■ First, the Federal Arbitration Act, 9 U.S.C. § 2, appears to be applicable to this agreement to arbitrate. The plaintiff has alleged that the contract involves both installation and maintenance of 28 in-room steam bath units. In view of the diverse citizenship of the parties and the very nature of the contract, it follows that there can be no genuine factual dispute that the contract does evidence a transaction involving interstate commerce. Although state law is normally controlling in a diversity case, it has been held that where a case is otherwise properly before the court on grounds of diversity that the federal substantive law can be properly applied to the interpretation of the arbitration agreement in question. *Coenen v. R. W. Pressprich & Co.*, 453 F.2d 1209 (2d Cir. 1972), *cert. denied*, 406 U.S. 949, 92 S.Ct. 2045, 32 L.Ed.2d 337; *Griffin v. Semperit of America, Inc.*, 414 F.Supp. 1384 (D.C.Tex., 1976). Under federal law the Court would no longer be bound to apply those state statutes which limit arbitration agreements with rules not applicable to other contracts. *Collins Radio Co. v. Ex-Cell-O Corp.*, 467 F.2d 995, 998 (8th Cir. 1972). It follows that § 9(3)(e) does not render the agreement unenforceable.

■ Second, it appears from the pleadings that under state law the plaintiff has clearly ratified the contract by accepting benefits under the contract and/or bringing the instant suit upon the contract.

The pleadings reflect that the benefits under the contract were received when the steam bath systems were installed in the plaintiff's hotel. Assuming *arguendo* that the act of the sole partner in executing the agreement was unauthorized under § 9(3)(e), of the U.P.A., the defendant cites *Stein-Tex v. Scappatillio,* 193 Misc. 402, 87 N.Y.S.2d 317 (N.Y.S.Ct.1948), modified on other grounds at 275 App.Div. 749, 88 N.Y.

S.2d 270 (1949), to support its contention that plaintiff has ratified the contract by its acceptance of and payment for part of the goods and services covered by the contract. Faced with a similar contention, that court held that the petitioner had impliedly assented to the terms of the contract and thus would not be allowed to call therefrom the arbitration clause, because the contract in its entirety should control.

■ Texas law recognizes that a principal's institution of an action upon a contract as made by an agent is *ipso facto* a ratification of the contract. *James v. Klar & Winterman*, 118 S.W.2d 625 (Tex.Civ. App.1938, writ ref.). It has been held that in ratifying the acts of an agent, the principal assumes the burdens as well as the benefits of contracts made by the agent. *United States v. Paddock*, 187 F.2d 271 (5th Cir. 1951). Although no Texas decisions have been located discussing § 9(3)(e) of the U.P.A., it appears likely that the Texas courts would reach the same result as the New York court in *Stein-Tex v. Scappatillio, supra.* A contract cannot be adopted in part and rejected in part because the act of ratification extends to the entire contract. *Pittman & Harrison Co. v. B. F. Robey & Co.*, 234 S.W. 1114 (Tex.Civ.App.1921, n. w. h.)

■ Where it appears from the stipulated facts that the parties have agreed to arbitration in accordance with New York law, the judgment confirming the award is entitled to full faith and credit. *Midessa Television Co. v. Motion Pictures for Television,* 290 F.2d 203 (5th Cir. 1961).

■ The plaintiff has also asserted that the forum selection clause constitutes an impermissible waiver of its rights under the Texas Deceptive Trade Practices Act. *Tex.Bus. & Com.Code Ann.,* § 17.42. Even if such a contention was within the jurisdiction of this Court to consider, it would be rejected because it contravenes the well-established "party autonomy rule" that the parties to a contract may specify the laws under which the contract is to be governed.

It is accordingly the opinion of this Court that although the defendant's motion to dismiss should be denied, the defendant's motion for summary judgment should be granted.