[No. 714.]

## THE STATE OF NEVADA EX REL. J. H. FLACK, RELATOR, *v.* F. A. ROGERS, RESPONDENT.

STATUTES RELATING TO SAME SUBJECT-MATTER—HOW CONSTRUED.—Where there are several statutes relating to the same subject-matter, they are to be taken together, and, if possible, to be so construed as to give to each a reasonable effect, agreeable to the intention of the legislature which passed them.

WHEN SUBSEQUENT STATUTE REPEALS FORMER ONE.—A subsequent statute revising the whole subject-matter of a former one, and evidently intended as a substitute for it, although it contains no express words to that effect, must, on the principles of law as well as in reason and common sense, operate to repeal the former.

STATUTES OF MARCH 7, 1873 (STAT. 1873, 145 AND 170) CONSTRUED—SALARY OF DISTRICT JUDGE.—The statute of March 7, 1873 (Stat. 1873, 145), re-districting the State, embraces the whole subject-matter of the statute of February 27, 1869 (Stat. 1869, 133), including all the

amendments thereto, and was evidently designed, upon taking effect, to be a substitute therefor, and under said act the salary of the district judge of the ninth judicial district is fixed at four thousand dollars per annum.

MANDAMUS before the Supreme Court.

The facts are stated in the opinion.

*Ellis & King,* for Relator.

*J. R. Kittrell, Attorney-General,* for Respondent.

By the Court, EARLL, J.:

The relator is the district judge of the ninth judicial district of this State, composed of the county of Elko, and the respondent is county recorder and *ex officio* auditor of said county, and this proceeding is instituted to compel the respondent as such auditor to draw and deliver to the relator his warrants upon the treasurer of said county, for the salary of relator as such judge, for the months of January, February and March, 1875.

The petition of relator states that on the 29th day of April, 1875, relator, as such district judge, demanded of respondent, as such auditor, that he make out and deliver to relator his warrants, at the rate of five thousand dollars per annum, which said warrants said auditor then and there refused, but offered and tendered to relator warrants upon the treasurer of said county for the pay and salary of relator for said months, as such district judge, at the rate of four thousand dollars per annum; and whether the salary incident to the office of judge of the ninth judicial district is five thousand dollars per annum, as claimed by the relator, or is four thousand dollars per annum, as claimed by respondent, is the question here presented.

The claim of the relator proceeds upon the theory that the two acts of the legislature, approved March 7, 1873, one of which being entitled "An act to amend an act entitled 'An act to re-district the State of Nevada,' approved Feb-

ruary twenty-seventh, eighteen hundred and sixty-nine"
(Stats. 1873, 170), and the other entitled "An act to re-
district the State of Nevada," relate to the same judicial
districts, and that the salary of the judge of the ninth ju-
dicial district provided in the respective acts, refer to, and
were intended to apply to the judge of one and the same
judicial district, and also, that both acts were designed to
take effect and be in force concurrently; hence, it was
argued, that the two acts were in conflict with and repug-
nant to each other.

It is a well-settled rule that several statutes relating to
the same subject-matter are to be taken together and com-
prised in the construction of them, and, if possible, they
are to be so construed as to give to each a reasonable effect,
agreeable to the intention of the legislature which passed
them.   Applying this rule to the construction of the two
acts under consideration, we are unable to perceive any
conflict between them; but on the contrary, are of opinion
that they are clearly reconcilable with each other, and that
effect may be given to each according to the obvious inten-
tion of the legislature.

The first act referred to amends the third section of the
general statute providing for the re-districting the State,
passed February 27, 1869 (Stat. 1869, 86–7), and re-enacted
said section as amended, and when thus re-enacted, it took
the place of the original section in said general statute.
The provisions of the amended section, as well as those of
the original, applied to the judges of the then existing ju-
dicial districts which were constituted by said general stat-
ute, and the supplementary and amendatory act thereto, of
March 5, 1869 (Stat. 1869, 133).   The salary provided for
the judge of the ninth judicial district by the amendatory
act of March 7, 1873, was intended to apply to the judge
of said district, as constituted by said supplementary and
amendatory act of March 5, 1869.   This latter act declared
that from and after the first Monday of January, 1871, the
county of Elko should constitute the ninth judicial district,
and that a judge thereof should be elected at the general

election of 1870; it also prescribed the terms of court to be held in said district, but failed to provide any salary for the judge thus to be elected; hence the object of providing the same by the amendatory act of March 7, 1873. This amendatory act, however, never had an independent operation, but existed only as a part of the general act of February 27, 1869, which, together with all amendments thereto, ceased to exist upon the taking effect of the subsequent act of March 7, 1873 (Stat. 1873, 145), providing for the re-districting the State. It is true, the latter act contains no express words of repeal; but it is an established rule, "that a revising statute which embraces all the provisions of antecedent laws relating to the same subject, virtually repeals the statutes revised, without any express provision to that effect." (Smith's Com. 904.) In the case of *Bartlet et al.* v. *King, Ex'r* (12 Mass. 545), the court stated the rule thus: "A subsequent statute, revising the whole subject-matter of a former one, and evidently intended as a substitute for it, although it contains no express words to that effect, must, on the principles of law as well as in reason and common sense, operate to repeal the former." That the statute of March 7, 1873, re-districting the State, is within the rule thus stated cannot admit of a reasonable doubt. By the first section it is provided that: "From and after the first Monday in January, one thousand eight hundred and seventy-five, the State shall be divided into judicial districts as follows:" and after designating the several districts, and constituting the county of Elko the ninth judicial district, it proceeds: "For each of which districts a district judge shall be elected by the qualified electors thereof, at the general election in the year A. D. one thousand eight hundred and seventy-four." The terms of court in the respective districts thus constituted, are prescribed by the second section; and the salaries of the judges of the several districts are provided for by the third section thereof; the salary therein provided for the judge of the ninth judicial district being established at four thousand dollars per annum. It will thus be perceived that this statute em-

braces the whole subject-matter of the statute of February 27, 1869, including all amendments thereto, and was evidently designed, upon taking effect, to be a substitute therefor. Besides, the relator was elected to the office of district judge under this act, and it therefore necessarily follows that his salary is governed by its provisions. It is therefore ordered that the petition of the relator be, and it is hereby dismissed.