In the Matter of the Arbitration of Controversy Between EDWARD W. MOLLART and AMBASSADOR GOLD MINES, LTD., a Corporation.

AMBASSADOR GOLD MINES, LTD., a Corporation, Petitioner, *v.* EDWARD W. MOLLART, Respondent.

No. 3174

March 1, 1937.                    65 P.(2d) 676.

*George L. Sanford,* for Respondent:

*Morley Griswold* and *George L. Vargas,* for Petitioner:

## OPINION

By the Court, COLEMAN, C. J.:

Ambassador Gold Mines, Limited, hereinafter referred to as the petitioner, filed in this court a petition alleging that on December 23, 1933, one Edward W. Mollart, hereinafter referred to as respondent, and the petitioner submitted to arbitration, by written instrument, in accordance with the provisions of chapter 38 N. C. L. (vol. 4, p. 2638, sec. 8811 et seq.), a controversy arising in Lyon County, Nevada, involving damages claimed by said respondent from said petitioner. The petition also alleges that the respondent selected W. L. Blackwell as arbitrator, and that said petitioner selected D. C. Randall as arbitrator, and that thereafter the court appointed J. M. Maionchi as the third arbitrator; that thereafter W. L. Blackwell and J. M. Maionchi, two of said arbitrators, filed their award, which included a finding that petitioner should pay to the said respondent the sum of $8,000; that said award was made by said two arbitrators without notice to D. C. Randall, the arbitrator appointed by petitioner, and without the aid, advice, and consent or acquiescence of said D. C. Randall, and also without notice to either

of the parties or their respective attorneys, and without the production or introduction or consideration of any sworn testimony or documentary evidence, and without the knowledge or consent of the petitioner, a corporation.

The petition further alleges that the petitioner filed in the First judicial district court of Nevada a notice of motion to vacate said award of said arbitrators, together with an affidavit in support thereof, whereupon an affidavit in opposition thereto was filed by respondent; that thereafter said motion to vacate came on for hearing before the Honorable J. Emmett Walsh, district judge, who denied the same; that thereafter petitioner argued before the judge a motion for a new trial and a motion to recall and perpetually stay execution, which were overruled; that thereafter petitioner took steps to appeal said matter to the supreme court of Nevada, including the preparation of a bill of exceptions.

It is further alleged that before the said bill of exceptions could be prepared and submitted to the said Hon. J. Emmett Walsh for settlement, said Walsh died; that on the two above-mentioned hearings before the said judge no record was made; that your petitioner, in preparing said bill of exceptions, included the following:

"That thereafter, without notice to either of the parties or their respective attorneys, and without the production or introduction or consideration of any sworn testimony or documentary evidence, and without the knowledge or consent of the Ambassador Gold Mines, Ltd., a corporation, the said arbitrators, to-wit: W. L. Blackwell and J. M. Maionchi without notice to the said D. C. Randall, and without his aid, advice and consent or his acquiescence, made and entered their findings on arbitration in words and figures as follows, to-wit."

The petition further alleges that upon objection by

the respondent to the above-quoted portion of the bill of exceptions the same was stricken, on September 3, 1936, from the bill of exceptions, by the Honorable Thomas F. Moran, district judge, to whom said matter had been assigned after the death of the said Walsh; that the portion so ordered stricken is a true statement of facts material to the appeal of your petitioner in this matter; that at the conclusion of the two hearings before the Honorable J. Emmett Walsh, said facts were known to said judge as having appeared by admissions of counsel and otherwise in said hearings before him, and if petitioner had had an opportunity to present said bill of exceptions to said judge for settlement, that petitioner believes and has every right to believe that said bill of exceptions would have been approved by said Judge Walsh without striking out the above-quoted portion.

The petition herein prays that an order be entered by this court granting petitioner leave to prove the facts contained in that portion of the bill of exceptions so stricken out and directing the manner of proving the same.

To said petition respondent filed a demurrer, upon the following grounds: (1) That said petition does not state facts sufficient to constitute a cause of action or to entitle petitioner to any relief whatsoever; (2) that it does not appear from said petition that there has been any refusal by any district judge or by Honorable T. F. Moran, district judge presiding in said matter, as judge or otherwise, to allow any exception in accordance with the facts or at all; (3) that this court has no jurisdiction to add to or take from any bill of exceptions or statement of facts, settled by the judge in this action, any matter or matters, whatsoever.

■ Section 8815 N. C. L. reads:

"All the arbitrators shall meet and act together during the investigation, but, when met, a majority may determine any question. Before acting, they shall be sworn

before an officer authorized to administer oaths, faithfully and fairly to hear and examine the allegations and evidence of the parties in relation to the matters in controversy, and to make a just award according to their understanding."

If arbitrators W. L. Blackwell and J. Maionchi acted as charged in the petition, it is clear that they were unfit to act in that capacity, and it may be that their action was so irregular as to have justified the court, on proper application and showing, in vacating the award (section 8817 N. C. L.), but the real question before us is whether or not petitioner is entitled to prove his exception as sought, pursuant to the section below quoted. In support of the demurrer, which admits, for the purpose of this hearing, the truth of the allegations in the petition, counsel for respondent directs our attenton to subdivision 2, sec. 31, chap. 90; Stats. 1935, pp. 203, 204, and section 32 of the same act. The portion of subdivision 2, section 31, mentioned and relied upon by respondent, reads:

"When the transcript of the proceedings, as provided in subdivision (1) of this section, is not served and filed as the bill of exceptions of the proceedings relating to the point or points involved upon such proceedings, then the bill of exceptions shall be based and be prepared upon a record of the proceedings made up as follows:

"(a) The point of the exception shall be particularly stated, and may be delivered in writing to the judge, or, if the party require it, shall be written down by the clerk. When delivered in writing or written down by the clerk, it shall be made conformable to the truth, or be at the time, or at or before the conclusion of the trial, corrected until it is so made conformable to the truth. If the judge shall in any case refuse to allow an exception in accordance with the facts, any party aggrieved thereby may petition the supreme court for leave to prove the same, and shall have the right so to do, in such mode and manner and acccording to such

regulations as the supreme court may by rules impose, and such exceptions as are allowed by said supreme court shall become a part of the record of the cause."

As we understand the theory of respondent, it is that a bill of exceptions can be settled only in case of a trial before a court, and that such bill of exceptions can contain no matter as the basis of an exception unless an exception is actually taken to a ruling of the court relative thereto. Referring to the statement sought to be incorporated in the bill of exceptions, counsel for respondent says: "The paragraph does not show an exception and no duty is shown requiring the judge to allow, settle or certify it."

We think the matter in question and the petition fails to show that an exception was taken so as to entitle it to be incorporated in a bill of exceptions. In fact, we do not see, from the facts alleged in the petition, how an exception could have been taken to it. The conduct complained of did not take place in the presence of the court, so that an objection could have been made thereto and a ruling made by the court.

We do not wish to be understood as intimating that if petitioner applied to the court for an order vacating the award, pursuant to section 8817 N. C. L., upon the ground that the arbitrators or a majority of them were guilty of the acts charged in the matter sought to be embodied in the bill of exceptions, that an exception might not be taken to an adverse ruling, which might be embraced in a bill of exceptions. Such is not the theory of this matter, and there is no allegation of the petition upon which such a theory could be predicated.

Counsel for petitioner states that petitioner is proceeding under section 45, ch. 90, Stats. 1935, which reads:

"If at any time before final judgment of the supreme court it shall be made to appear to the court that the record on appeal does not accurately or fully state the proceedings under consideration before the court,

the court may take such steps and issue such orders, including orders to the lower court or the clerk thereof, for the certification to the supreme court of additional records or proceedings as shall be necessary or proper to correct or complete the record on appeal."

It seems that petitioner has changed his position in this matter since the petition was filed. As we have pointed out, the petition prays for an order granting him leave to prove certain matters stricken from the bill of exceptions, and that the court prescribe the mode and manner of making proof.

Upon reading the petition, we naturally assumed that petitioner was proceeding pursuant to the last sentence quoted above from subdivision 2, sec. 31, chap. 90, Stats. 1935, which provides that an aggrieved party may petition the supreme court for leave to prove an exception in accordance with the facts.

Section 45, ch. 90, Stats. 1935, just quoted, was originally sec. 5, chap. 97, Stats. 1923, which was carried into Compiled Laws of Nevada 1929, as section 9404. We had occasion to refer to this provision in Water Co. v. Tonopah Belmont Dev. Co., 49 Nev. 172, 241 P. 1079, and in Brockman v. Ullom, 52 Nev. 267, 286 P. 417, and have placed a liberal interpretation upon the section.

Let us consider just what is contemplated by the section in question. It provides that if it shall be made to appear to this court that the record on appeal does not accurately or fully state the proceedings under consideration before the trial court, this court may take such steps and issue such orders, including orders to the lower court or the clerk thereof, for the certification to the supreme court of additional records or proceedings as shall be necessary or proper to correct or complete the record on appeal. What does this section contemplate that this court can order certified up? Clearly, it can contemplate nothing more than records or proceedings had in the court. Certainly the clerk of a trial court cannot certify to something that does not

appear of record in his office, and the court cannot certify up something that did not transpire in the court. Furthermore, any ruling that may be made by a court, or any record which should be embraced in a bill of exceptions, cannot be considered by this court unless it is in a bill of exceptions, properly settled. It was not intended by the section in question to displace the functions of a bill of exceptions. The matter which it is sought to have incorporated in the bill of exceptions did not transpire in the presence of the court, and could only be brought to the attention of the court on an application to vacate the award, pursuant to section 8817 N. C. L. It may be that a ruling upon such an application could be embraced in a bill of exceptions, as to which we express no opinion, as the question is not presented.

We are clearly of the opinion that the petition fails to show cause for relief, and that the demurrer must be sustained.

It is so ordered.

ON THE MERITS

April 6, 1938.                           78 P.(2d) 93.

*Morley Griswold* and *George L. Vargas,* for Appellant:

*George L. Sanford,* for Respondent:

**OPINION**

By the Court, COLEMAN, C. J.:

This is an appeal from a judgment entered upon an award and from an order denying an application to recall and perpetually stay a writ of execution, and other orders, in an arbitration proceeding.

The appellant and respondent entered into a written agreement to submit to arbitration a controversy existing between them. It was stipulated that each of the parties should select one arbitrator, who were named, and that the district judge should select a third, who should arbitrate the matter and report their award to the court. It was also stipulated that the agreement of submission to arbitration should be entered as an order of court, and that the submission is made in conformity with and pursuant to the provisions of chapter 38 N. C. L. 1929. Other stipulations need not be now stated.

After the appointment of the third arbitrator by the court, the arbitrator selected by respondent and the one appointed by the court met and made an award in favor of respondent to the effect that appellant should purchase of respondent certain property for $8,000.

Thereafter judgment was entered by the clerk upon the award in the following words: "It is hereby adjudged and determined that Ambassador Gold Mines, Ltd., a corporation, should purchase the property described in the submission to arbitration and stipulation on file

herein for the sum of $8,000 cash and that the said Edward W. Mollart should and shall be allowed to remain on the premises described, before removing his said personal property and a dwelling house and gasoline pump belonging to one Warren Mollart, located thereon, for a period of one hundred and twenty (120) days (or to May 15, 1934) from the date of payment by Ambassador Gold Mines, Ltd., all in accordance with the award on file herein."

Later, and on December 28, 1934, the court, on application of the respondent, ordered the issuance of an execution, in words and figures following: "It is ordered that the sheriff of Lyon County shall forthwith serve upon Ambassador Gold Mines, Ltd., a copy of this order, together with a certified copy of the said award and judgment and that the writ of execution shall issue out of this court under the seal of court, commanding said sheriff to make the amount of said judgment, to wit, $8,000, together with interest thereon at the rate of 7% per annum from January 30, 1934, and accruing costs and that unless said Ambassador Gold Mines, Ltd., shall make payment to the clerk of the amount of said judgment with interest and accruing costs, and accept said conveyances within (5) days from the service of said order and copy of award, that he proceed forthwith to levy said writ, in accordance with law."

It is contended by appellant that the judgment and the various orders appealed from should be reversed, for numerous reasons, and, among them, because the act under which the submission was made and the court proceedings had was repealed by the "Uniform Arbitration Act," approved February 10, 1925, Laws 1925, c. 7, the same being sections 510 to 534, inclusive, N. C. L.

We think the contention just stated well founded.

The title of the "Uniform Arbitration Act" reads: "An Act concerning arbitration, to make uniform the law with reference thereto."

The very purpose of the act just mentioned is to

do all that is in the power of the legislature to bring about a uniform system of arbitrating controversies existing between individuals. This is manifest from the language in the title of the act, "to make uniform the law" with reference to arbitration, as well as from section 25 thereof, Comp. Laws, sec. 534, repealing all acts inconsistent with it.

■ There is no better established rule of law than that an act revising the subject matter of an old act, which is plainly intended as a substitute for the old law, operates as a repeal. This rule has been recognized by numerous decisions of this court. Thorpe v. Schooling, 7 Nev. 15; State v. Rogers, 10 Nev. 319; Gill v. Goldfield Consol. Mines Co., 43 Nev. 1, 176 P. 784, 184 P. 309. See, also, 59 C. J. 921.

■ If we look to specific sections of the two acts, there is no escaping the conclusion that the first act is repealed by the latter. For instance, section 318 of the original act, section 8816 N. C. L. provides that when the submission to arbitration is made an order of the court that the award "shall be entered by the clerk in the judgment book and shall thereupon have the effect of a judgment," whereas the latter law, in sections 15 to 18, sections 524 to 527 N. C. L., contemplate the confirming, vacating, modifying, or correcting of the award, and section 19, section 528 N. C. L., contemplates the entry of judgment or decree, not by the clerk, but by the court. This is such a radical variance that it must be said that the provision in chapter 38 for the entry of judgment by the clerk is repealed.

■ There is a general rule to the effect that an execution must follow the judgment. 23 C. J. 402, 403, note 68, citing Nevada cases. The execution ordered herein does not follow the purported judgment.

Something is said in the briefs to the effect that the award is good as a common-law award. As to that we express no opinion.

■ In view of our conclusion that the act under which

this proceeding was instituted was repealed, we think the judgment and the order appealed from denying appellant's application to recall and permanently stay the execution should be reversed.

It is so ordered. It is further ordered that the lower court vacate and set aside the judgment entered by the clerk of the court and the order directing the issuing of an execution herein, and make an order recalling the execution herein.