**MULCAHY et al. v. WHITEHILL.**

**Civ. A. No. 2147.**

District Court, D. Massachusetts.

March 2, 1943.

918

Robert E. Goodwin and Goodwin, Procter & Hoar, all of Boston, Mass., for plaintiff.

Walter F. Coleman and Ropes, Gray, Best, Coolidge & Rugg, all of Boston, Mass., for defendant.

HEALEY, District Judge.

This is an action upon a judgment of the Supreme Court of New York for the plaintiffs in the sum of $5,985.28 plus costs of $150, totalling $6,135.28.

The material facts are not disputed. Five of the plaintiffs are domiciliaries of the Argentine Republic and the other of the State of New York. The defendant is a resident and domiciliary of Massachusetts. The plaintiffs and the defendant entered a contract whereby the plaintiffs agreed to sell and the defendant to buy certain merchandise. The contract contained the following provision: "Buyers and sellers agree that any and all questions arising out of this contract not adjusted by mutual agreement shall be settled in New York upon the demand of either party by American Arbitration Association."

Prior to the delivery of certain goods, defendant notified the plaintiffs that he found it necessary to "cancel" the contract, apparently for delay constituting breach by the plaintiffs. The defendant refused to accept the goods. In conformity with the rules of the American Arbitration Association, demand for arbitration was made by the plaintiffs. Defendant, although he received notice, failed to appear either in person or by counsel for the hearing. In accordance and in conformity with the rules of the American Arbitration Association, and with the law of the State of New York, a hearing was had before arbitrators and an award was entered for the plaintiff. Demand for compliance with the award was made on the defendant. The defendant failed to comply. A motion was filed in the Supreme Court of New York in conformity with New York Arbitration Law, seeking confirmation of the award and entry of judgment in the amount of the award with costs. Notice of the motion was duly served on the defendant by mail in accordance with the provisions of the Rules of the American Arbitration Association and the New York Civil Practice Act, §§ 1448–1469. The defendant was not personally served with process in New York. The defendant failed to appear, and the judgment which is the subject of this action was entered.

Paragraph XVI of the Rules of Procedure of the American Arbitration Association provides as follows: "Each party to a submission or other agreement which provides for arbitration under these Rules, shall be deemed to have consented and shall consent that any papers, notices or process necessary or proper for the institution or continuation of an arbitration proceeding under these Rules or for the confirmation of an award and entry of judgment on an award made thereunder, including appeals in connection therewith, may be served upon such party (a) by mail ad-

dressed to such party's last known address or (b) by personal service, within or without the state wherein the arbitration is to be held, or within or without the limits of the jurisdiction of the Court having jurisdiction in the premises (whether such party be within or without the United States of America); provided that a reasonable time shall be allowed such party to appear and defend."

The New York Civil Practice Act contains elaborate legislation for the enforcement of arbitration awards, with all of which the plaintiff strictly complied.

The defendant contends that the Supreme Court of New York had no jurisdiction over the person of the defendant and that this New York judgment has no validity in Massachusetts.

It is elementary that without jurisdiction of the person of a defendant, a judgment against such defendant is invalid. Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565.

However, jurisdiction of the person of a defendant may be obtained in many ways. American Law Institute, Restatement of the Law of Conflict of Laws, Section 77 (1). Section 77(1) reads as follows:

"(1) The exercise of jurisdiction by a state through its courts over an individual may be based upon any of the following circumstances:

"(a) the individual is personally present within the state,

"(b) he has his domicil within the state,

"(c) he is a citizen or subject owing allegiance to the nation,

"(d) he has consented to the exercise of jurisdiction,

"(e) he has by acts done by him within the state subjected himself to its jurisdiction."

One of the methods of conferring jurisdiction on a court is by consent. American Law Institute, Restatement of the Law of Conflict of Laws, Section 77 (1) (d); Beale on The Conflict of Laws, Section 81.1; De Dood v. Pullman Co., 2 Cir., 57 F.2d 171; Withers v. Starace, D. C., 22 F.Supp. 773; Gilbert v. Burnstine, 255 N.Y. 348, 174 N.E. 706, 73 A.L.R. 1453; Richardson v. Smith, 11 Allen, Mass., 134; Harvey v. Fiduciary Trust Co., 299 Mass. 457, 467, 13 N.E.2d 299. See, also, Hess v. Pawloski, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091.

This consent may be given before the commencement of the action and even before the cause of action has arisen. Beale on The Conflict of Laws, Section 81.1; Withers v. Starace, supra; Gilbert v. Burnstine, supra; Heyman, Inc., v. Cole Co., 242 App.Div. 362, 275 N.Y.S. 23. Beale provides by Section 81.1 that "consent may be given with respect to a particular cause of action before action has been brought even before the cause of action has arisen."

Thus the parties to a contract may by the terms thereof agree that a certain court shall have jurisdiction of any disputes arising under the contract. Gilbert v. Burnstine, supra; Heyman, Inc., v. Cole Co., supra; Harvey v. Fiduciary Trust Co., supra, 299 Mass. at page 467, 13 N.E.2d 299.

In the instant case, the parties agreed that questions arising out of the contract not adjusted by mutual agreement should "be settled in New York upon the demand of either party by the American Arbitration Association." Thus, the parties consented in advance to the settlement of disputes in New York by the Association. It is my opinion that the defendant's unqualified submission of disputes to arbitration necessarily implied a submission to the Rules of Procedure of the American Arbitration Association and to the law of New York governing such arbitration. See Gilbert v. Burnstine, supra. It follows, therefore, that the defendant, by consent, is bound, in so far as disputes arising under the contract in question are concerned, by the Association's Rules of Procedure. Paragraph XVI, set forth above, provides that each party to a submission or agreement providing for arbitration shall be deemed to have consented to service by mail or by personal service, within or without the state, of all process necessary for such arbitration or for the confirmation of an award and entry of judgment on an award. Here, service was made by the mailing of notice to the defendant's last-known address, and the defendant admitted that he received such notice.

I can find no merit in the defendant's contention that he "cancelled" the contract. There was no evidence that there was fraud, overreaching or other grounds for nullifying or avoiding the contract. The contract contained no provision for cancellation or revocation. See Heyman,

Inc., v. Cole, Co., supra. To hold that one party may, without the consent of the other, arbitrarily cancel such a contract would be to hold that a party, not wishing to submit to arbitration, could nullify the provision for arbitration. The defendant suggests that the reason for cancelling the contract is that the plaintiffs had breached the contract by delay in shipment. However, the question of whether or not there has been a breach is a question arising out of the contract, and consequently one which, by the terms of the contract, is to be settled by arbitration.

I conclude, therefore, that, since the defendant agreed to submit disputes to the American Arbitration Association, and there was strict compliance with the Rules of Procedure of the Association and with the law of New York, the plaintiff is entitled to judgment in the amount of $6,-135.28 together with interest and costs of this action.