**MARVLO FABRICS, Inc. v. JARUS et ux.**

**No. 5509.**

United States District Court
W. D. Missouri, W. D.

Nov. 3, 1949.

Judgment for plaintiff.

Percy A. Shockley, Kansas City, Missouri, for plaintiff.

Myer M. Rich, Kansas City, Missouri, for defendants.

DUNCAN, District Judge.

Plaintiff is a corporation engaged in the mercantile business in the City of New York and elsewhere, and defendants I. W. Jarus and Sara K. Jarus are husband

246

and wife, co-partners, doing business in Kansas City, Missouri as the Fairway Sportswear Co.

Plaintiff seeks to recover a personal judgment against the defendants on a judgment of the Supreme Court of the State of New York, County of New York, confirming an award of a board of arbitration convened under the Rules of the General Arbitration Council of the Textile Industry in the sum of $11,460.91 with interest from November 22, 1948 and its costs.

Since the matter is before the court on a stipulation of the parties, the New York Judgment Roll, depositions by interrogatories, and on the testimony of defendant I. W. Jarus, the material facts are not in dispute.

The sole question for determination is whether or not service upon defendants by registered mail in accordance with the Rules of the General Arbitration Council of the Textile Industry and the New York Civil Practice Act conferred jurisdiction upon the New York Court, so as to enable it to render a judgment confirming the arbitration award.

 Defendants raise additional questions, contending that the contracts providing for the arbitration of disputes arising thereunder and agreeing to subject themselves to the jurisdiction of the New York Court were void, and that one of the partners did not agree to the submission to arbitration of disputes arising under the contract. These are questions however, which were determined by the arbitration and the judgment confirming the award; and, if service upon defendants is sufficient to confer jurisdiction upon the New York Court, then they are bound by that judgment with respect to the validity of the contracts and all other questions which have been raised with respect thereto.

The several contracts which became the basis of the arbitration were signed in Kansas City, Missouri by the defendant I. W. Jarus on behalf of the partnership. Each of the contracts provided, in part:

"This contract is consummated and governed by the laws of the State of New York."

\* \* \* \* \* \*

"Any and all controversy or claim arising out of or, relating to this contract or any modification thereof, or the breach thereof, shall be settled by arbitration in the City of New York, in accordance with the laws of the State of New York and the rules then obtaining of the General Arbitration Council of the Textile Industry."

\* \* \* \* \* \*

"This sales note is subject to the provisions of the Standard Cotton Textile Salesnote \* \* \*, and the same are by this reference incorporated as a part of this agreement and together herewith constitute the entire contract between buyer and seller \* \* \*."

The arbitration clause found in the Standard Cotton Textile Salesnote in the Worth Street Rules (Exhibit C) states as follows on page 8:

### Arbitration.

"Any controversy arising under, or in relation to this contract, shall be settled by arbitration. If the parties are unable to agree respecting time, place, method, or rules of the arbitration, then such arbitration shall be held in the City of New York in accordance with the laws of the State of New York and the rules then obtaining of the General Arbitration Council of the Textile Industry *and the parties consent to the jurisdiction of the Supreme Court of said State and further consent that any process or notices of motion or other application to the Court or a Judge thereof may be served outside the State of New York by registered mail or by personal service, provided a reasonable time for appearance* is allowed." (Emphasis supplied.)

Also Rule I of the Rules of the General Arbitration Council of the Textile Industry revised as of June 24, 1948 (prior to the arbitration proceedings) reads: (Exhibit B)

"Any party to an agreement for arbitration pursuant to these rules, unless the par-

ties thereto have otherwise agreed in writing, consents that such arbitration shall be held in the City of New York and in accordance with the laws of the State of New York and further consents to the jurisdiction of the Supreme Court of said State and agrees that any process or notice of motion or other application to the court or a judge thereof may be served outside the State of New York by registered mail or by personal service providing a reasonable time for appearance is allowed."

A dispute arose between the parties over the fulfillment of the contracts and plaintiff referred the matter to the Arbitration Council, and in accordance with its rules and regulations with respect to the submission of a controversy, the General Arbitration Council of the Textile Industry notified the defendants of the appointment of arbitrators and the time for the holding of a hearing. Defendants admit receipt of the notices, but failed to appoint an arbitrator to attend the hearing of the Board, or to take any steps whatsoever to comply with the arbitration provisions of the contracts.

The Board of Arbitrators determined that the defendants were indebted to the plaintiff in the sum of $11,460.91 together with the sum of $150.00 to be paid to the General Arbitration Council as an arbitration fee.

Thereafter, plaintiff petitioned the Supreme Court of the State of New York, New York County, for a judgment confirming the award of the arbitrators. This was done in accordance with the arbitration provisions of the New York Civil Practice Act, §§ 1448–1469. Defendants were served by registered mail at their home in Kansas City, Missouri and admit receipt of service. However, they did not appear to contest the application for confirmation of the award, and the judgment upon which this action is founded was rendered by the New York Court.

The defendants take the position that since they were not personally served with process, the New York judgment is null and void, in that they are being deprived of their property without due process of law in violation of the Fourteenth Amendment to the Constitution of the United States. That is now the sole question for determination.

The courts of New York have sustained the constitutionality of the New York Arbitration Law. Bradford Woolen Corp. v. Freedman, 189 Misc. 242, 71 N.Y.S.2d 257. See also International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S. Ct. 154, 90 L.Ed. 95, 161 A.L.R. 1057. They have also held valid agreements on the part of non-residents to submit disputes arising between themselves and sellers of merchandise in New York to arbitration in New York. Gilbert v. Burnstine et al., 255 N.Y. 348, 174 N.E. 706, 73 A.L.R. 1453. These authorities say that agreements to be bound by New York law give the New York state courts jurisdiction to render judgment against such persons.

Under the contracts, which defendants admittedly signed, they agreed to be governed by the Rules of the General Arbitration Council of the Textile Industry, the Standard Cotton Textile Salesnote, and the Laws of the State of New York, which, together, provide that a party so agreeing subjects himself to the jurisdiction of the New York Court for the service of any process or notice in connection with the arbitration award, or the judgment on the award, in the manner stated therein—i. e., by mail. All of the rules were strictly complied with by plaintiff as to the arbitration and the confirmation of the award by a judgment of the New York court. Thus the defendants must be said to have consented to the jurisdiction of the New York court. Mulcahy v. Whitehill, D.C., 48 F.Supp. 917.

The identical question involved here was decided in the Mulcahy case, supra. In a well reasoned opinion, Judge Healey of the District Court, District of Massachusetts in 1943 fully discussed the questions here involved and held that the Supreme Court of New York had jurisdiction to confirm an award on service by mail. The discussion of the question by Judge Healey fits the facts and the law in this case exactly.

Plaintiff is therefore entitled to recover the sum of $11,460.91 together with 6% interest from November 22, 1948 and its costs herein expended.