**RIPLEY FABRICS CORPORATION v. HYMEN.**

No. 49 C 1380.

United States District Court
N. D. Illinois, E. D.

Feb. 14, 1950.

Blanksten & Lansing, Chicago, Ill., for plaintiff.

Norman H. Arons, Chicago, Ill., for defendant.

CAMPBELL, District Judge.

This is a suit on a judgment rendered in behalf of plaintiff and against the defendant by the Supreme Court of the State of New York. There is no dispute as to the essential facts involved. On June 20, 1948, defendant, a resident of Illinois, signed plaintiff's printed form of purchase order for certain yard goods to be shipped by plaintiff, a resident of New York, which order was accepted by plaintiff. The face of said order stated that it was subject to the terms therein stated and those on the reverse side thereof. On the reverse side, paragraph 10 states: "10. All controversies arising out of or relating to the contract, or any modification thereof shall be settled by arbitration in accordance with the Arbitration Rules of the National Federation of Textiles, or its successors".

Thereafter, a dispute arose over defendant's rejection of the goods ordered, and plaintiff referred the matter to the National Federation of Textiles, Inc. Three arbitrators were appointed who made an award in favor of plaintiff, upon which award the judgment which is the subject of the present litigation was rendered. In none of the proceedings, either before the arbitrators or the court, did defendant appear personally. All summons and notice was given to him by mail and defendant does not deny their receipt. It is contended by the defendant that the judgment of the Supreme Court of New York is invalid for the reason that the court lacked jurisdiction to enter it. Both sides now move for summary judgment.

The issue presented by the pleadings is: Did the defendant, by virtue of Paragraph 10 of the purchase contract, consent to the entry of an award and judgment in personam against him without personal service of summons first having been obtained upon him?

It is well established that jurisdiction of a person may be secured by personal presence, domicile, allegiance, consent, or acts done within the territorial jurisdiction of the court. Consent to jurisdiction may be given before the commencement of an action or even before the cause of action has arisen. Thus, by contractual agreement, parties may consent in advance that a certain court shall have jurisdiction to hear any dispute that may arise between the parties in regard to their contract.

As has been noted above the parties, in Paragraph 10 of their purchase contract, agreed in advance to settle any dispute by arbitration in accordance with the rules of the National Federation of Textiles. Rule 25 of the Federation states that both parties, by their agreement to arbitrate, consented that service of any papers, notices or process "necessary or proper for the enforcement of the agreement and proceedings and for entry of judgment on any award * * * may be served upon such party by registered mail * * *, providing a reasonable time is allowed such party thereby to appear and defend". Paragraph

10, considered in conjunction with this rule, constitutes an implied consent on the part of defendant to the entry of an arbitration award and judgment.

The case at bar, is for all practical purposes, identical with that of Mulcahy v. Whitehill, D.C.Mass. 1943, 48 F.Supp. 917, 919, both as to the facts and to the law. There the contract contained the following provision: "Buyers and sellers agree that any and all questions arising out of this contract not adjusted by mutual agreement shall be settled in New York upon the demand of either party by American Arbitration Association". The Rules of said Association provided: "Each party to a submission or other agreement which provides for arbitration under these Rules, shall be deemed to have consented and shall consent that any papers, notices or process necessary or proper for the institution or continuation of an arbitration proceeding under these Rules or for the confirmation of an award and entry of judgment on an award made thereunder, including appeals therewith, may be served upon such party (a) by mail addressed to such party's last known address or (b) by personal service, within or without the state wherein arbitration is to be held, or within or without the limits of the jurisdiction of the Court having jurisdiction in the premises (whether such party be within or without the United States of America); provided that a reasonable time shall be allowed such party to appear and defend". The award and judgment were obtained in New York, and suit was brought on said judgment in the District Court of Massachusetts, in which state the defendant resided. In holding for the plaintiff, the court stated: "In the instant case, the parties agreed that questions arising out of the contract not adjusted by mutual agreement should 'be settled in New York upon the demand of either party by the American Arbitration Association.' Thus, the parties consented in advance to the settlement of disputes in New York by the Association. It is my opinion that the defendant's unqualified submission of disputes to arbitration necessarily implied a submission to the

Rules of Procedure of the American Arbitration Association and to the law of New York governing such arbitration. See Gilbert v. Burnstine, supra. It follows, therefore, that the defendant, by consent, is bound, in so far as disputes arising under the contract in question are concerned, by the Association's Rules of Procedure. Paragraph XVI, set forth above, provides that each party to a submission or agreement providing for arbitration shall be deemed to have consented to service by mail or by personal service, within or without the state, of all process necesary for such arbitration or for the confirmation of an award and entry of judgment on an award. Here, service was made by the mailing of notice to the defendant's last-known address, and the defendant admitted that he received such notice."

For the foregoing reasons, defendant's motion for summary judgment is denied, and plaintiff's motion for summary judgment is granted. Accordingly, judgment will, therefore, enter in favor of plaintiff.