## HIRSCH FABRICS CORP. v. SOUTHERN ATHLETIC CO., Inc.

### No. 1437.

United States District Court
E. D. Tennessee, N. D.
June 21, 1951.

Kramer, McNabb & Greenwood, Knoxville, Tenn., for plaintiff.

Ambrose & Wilson, Knoxville, Tenn., for defendant.

ROBERT L. TAYLOR, District Judge.

Plaintiff, a New York corporation, seeks to recover from the defendant, a Tennessee corporation, the sum of $4,030, the amount of an unpaid judgment rendered by the Supreme Court of New York for the county of New York upon an arbitration award, made in favor of the plaintiff by three arbitrators appointed pursuant to an arbitration contract between plaintiff and defendant, dated March 5, 1948.

Plaintiff insists that the judgment rendered by the New York court is entitled to full faith and credit in this Court under Article 1, sec. 1, of the Constitution of the United States and Title 28, U.S.C. § 1738.

Defendant by answer denies that it is indebted to plaintiff, that the New York court had jurisdiction to enter judgment against defendant, or that the certified copy of the judgment that has been filed and made a part of the record in the case is entitled to full faith and credit in this. Court.

In addition to the answer, defendant has filed a counterclaim against plaintiff in which it seeks $25,000 in damages upon the ground that the cloth for football pants, which is the subject of this controversy and which was sold by the plaintiff to the defendant, was so defective as to result in a loss of $25,000 to defendant. Defendant asks for a jury to try all issues of fact in the case.

In short, plaintiff's reply to defendant's counterclaim is that this question was adjudicated by the arbitrators in New York in making their award and that said award, having been confirmed by the Supreme Court of New York, is res judicata of the counter-claim.

The case is presently before the Court upon plaintiff's motion for summary judgment in its favor. The controlling issues are: (1) Is the New York judgment entitled to full faith and credit in this Court? (2) If this question is answered in the affirmative, is the defendant precluded from advancing its counter-claim for damages? In order to find the answer to the first issue, it is necessary to determine whether the New York court had jurisdiction of the person of the defendant and of the subject matter.

Sec. 16 of the contract between plaintiff and defendant provides as follows: "Any controversy relating to this contract shall

be settled by arbitration. Arbitration shall be held in the City of New York in accordance with the rules then obtaining of the General Arbitration Council of the Textile Industry. Buyer and Seller consent to the jurisdiction of the Supreme Court of the State of New York and further consent that any process or notice of motion or any application to the Court, including application for judgment upon an award, may be served outside the State of New York by registered mail or by personal service, provided a reasonable time for appearance is allowed."

Sec. 1450 of the Civil Practice Act of New York, Cahill-Parsons, New York Civil Practice (1946 ed.), provides in part as follows: "The making of a contract or submission for arbitration described in section fourteen hundred forty-eight hereof, providing for arbitration in this state, shall be deemed a consent of the parties thereto to the jurisdiction of the supreme court of this state to enforce such contract or submission."

Defendant admits signing Purchase Order 9388 in which it agreed to purchase from defendant the material therein described. (See plaintiff's request for admission 1(b) and defendant's reply.)

■ Parties to an arbitration contract may consent in advance to the manner of obtaining jurisdiction over the person of the absentee party and such agreement, if followed, will give jurisdiction. Marvlo Fabrics, Inc., v. Jarus, D.C.Mo., 87 F.Supp. 245; Mulcahy et al. v. Whitehill, D.C. Mass., 48 F.Supp. 917.

■ The jurisdiction of the New York court of the subject matter of the suit depends upon whether the New York law respecting arbitration contracts and submissions was followed by the arbitrators and the Supreme Court of New York. Defendant insists that the New York law was not followed for the sole reason that an order was not obtained from the Supreme Court of New York or a judge thereof directing that arbitration proceed in the manner provided for in the contract in accordance with sec. 1450 of the New York Civil Practice Act. Plaintiff contends that such order was not necessary to make the procedure valid on account of sec. 1458 of the same Civil Practice Act.

By the terms of sec. 1450, the jurisdiction of the Supreme Court under that section is limited to a determination of whether the parties had entered into an arbitration contract, or a submission of their dispute to arbitration. No petition was filed by plaintiff under that section; hence, defendant had no opportunity to raise the question of whether there was a contract, or a submission. But sec. 1458 provides: "An award shall be valid and enforceable according to its terms and under the provisions of this article, without previous adjudication of the existence of a submission or contract to arbitrate, subject, nevertheless, to the provisions of this section." Sec. 1458, subd. 1, contains the following provision: "A party who has participated in the selection of the arbitrators or in any of the proceedings had before them may object to the confirmation of the award only on one or more of the grounds specified in subdivisions one, two, three and four of section fourteen hundred sixty-two and in section fourteen hundred sixty-two-a or (provided that he did not continue with the arbitration with notice of the facts or defects upon which his objection is based) because of a failure to comply with subdivision one of section fourteen hundred fifty-four or with section fourteen hundred fifty-five or because of the improper manner of the selection of the arbitrators."

Although defendant was not given an opportunity to make the questions provided for in sec. 1450 before the Supreme Court of New York, for the reason that a compulsory arbitration order from that court was not applied for, defendant was given an opportunity to raise those questions when confirmation of the award was applied for by plaintiff, as provided for in sec. 1458. But defendant did not choose to make such questions in the New York court. Since sec. 1458 as above quoted specifically provides that the award of the arbitrator shall be valid unless contested in the manner set out in sec. 1458, the judgment of the New York court in confirming the arbitration award under the

Civil Practice Act, as interpreted by the New York courts, is valid. Finsilver, Still & Moss, Inc. v. Goldberg, Maas & Co., Inc., 253 N.Y. 382, 171 N.E. 579, 69 A.L.R. 809; United Culinary Bar & Grill Employees Local 923, C. I. O., v. Schiffman, 272 App.Div. 491, 71 N.Y.S.2d 160; Roycraft Fabrics, Inc., v. Block et al., Sup., 81 N.Y.S.2d 567.

■ Counsel for defendant in oral argument and in carefully prepared briefs takes the position that the arbitration proceeding was a nullity for the reason that there was no contract between the parties to arbitrate. Bases of the claim are the alleged misrepresentations of the plaintiff that induced defendant to sign the contract. Answer to this position is that those questions should have been made in the New York court and defendant having failed to make them there cannot make them here, for the reason that the validity of the contract is not one of the two questions that can be raised in this Court. Under sec. 1458, defendant was given an opportunity to attack the contract and, having failed to do so, is now foreclosed from raising the question.

Another defense made is that the defendant does not owe the plaintiff any amount. The answer made in the last preceding paragraph is equally applicable to this defense.

This brings us to the counterclaim. The controversy grows out of purchase by defendant of several thousand yards of nylon-rayon piece goods, represented to be suitable for football uniforms as averred in the counterclaim. Defendant avers that the football pants made by it from said cloth proved unsuitable; that defendant had to replace many of the pants sold by it because of their failure to hold together, the replacement pants being made from suitable materials; that many customers who had bought the pants made from plaintiff's goods thereafter refused to deal further with defendant; that defendant thereby suffered damage in the amount of $25,000. Defendant says further that the consideration for purchase of plaintiff's goods wholly failed.

Plaintiff's reply to the counterclaim is, in brief, that the cloth which is the subject of this controversy was exactly like the other materials previously purchased by and shipped to defendant and in accordance with samples furnished defendant.

Plaintiff claims further that the counterclaim was adjudicated by the arbitrators and that the defendant is now estopped and precluded from seeking a recovery of any damage.

The award makes no mention of defendant's counterclaim, and so far as the record shows the counterclaim was not considered. Formerly the courts treated as void an award which did not decide all questions submitted. An exception to that rule is found where the part decided by the arbitrators is separable from the rest, the award as to the separable part being enforceable in another state. Moyer et al. v. Van-Dye-Way Corp., 3 Cir., 126 F.2d 239.

■ The Court holds that defendant's counterclaim is separable from the award as to the indebtedness due plaintiff and that accordingly defendant is not estopped or foreclosed from asserting his counterclaim here. 34 C.J. p. 1114; 50 C.J.S., Judgments, § 876.

An examination of the contract between the parties shows that the plaintiff did not warrant the suitability of the goods for any purpose. Defendant insists, however, that a subsequent oral agreement was made between the parties whereby the plaintiff did warrant suitability of the goods for the purposes for which they were purchased and used.

Plaintiff responds to this contention by saying that this alleged agreement was without consideration and that under the New York law and under the written contract (the parties agreed that the contract would be controlled by New York law) oral agreements modifying the written contract were not to be binding upon the parties. Because the respective contentions raise serious legal questions, the Court at this time, and in the present state of the record, is unwilling to deprive the defendant of the opportunity to show the alleged subsequent oral contract of warranty, the

circumstances and conditions under which it was alleged to have been made, its alleged breach, and the alleged resulting damages.

Let an order be prepared sustaining plaintiff's motion for summary judgment in the amount of $4,030, and denying plaintiff's motion for summary judgment dismissing the cross-claim of the defendant.