JOSEPH CAMPANELLI, DBA CAMPANELLI'S SPE-
    CIALTY FOODS, APPELLANT, v. CONSERVAS
    ALTAMIRA, S.A., RESPONDENT.

No. 6151

December 10, 1970                    477 P.2d 870

*Edwin J. Dotson,* of Las Vegas, for Appellant.

*Wiener, Goldwater & Galatz,* and *J. Charles Thompson,* of Las Vegas, for Respondent.

## OPINION

By the Court, BATJER, J.:

The respondent, the plaintiff below, brought this action to enforce two foreign judgments. The appellant, the defendant below, moved for summary judgment upon the ground · that there had been no jurisdiction in the foreign state to enter the judgments and for that reason they were not entitled full faith

and credit.[1] The respondent, filed a cross-motion for summary judgment which was granted. From that judgment this appeal is taken.

The original judgments were entered in the Supreme Court of the State of New York and were based upon two arbitration awards for the breach of a written contract and a written "advice of sale." Pursuant to the terms of the contract, which he signed, the appellant, a retail and wholesale specialty food distributor in Clark County, Nevada, agreed to purchase 200 cases of pimentos and under the "advice of sale" the respondent shipped him 4,000 cases of tomatoes. The respondent's agent for the transaction was Joseph Caragol, Inc., a New York broker.

The appellant received the pimentos and a portion of the tomatoes. He objected to the quality of the tomatoes and refused to pay the agreed price. The respondent then sought arbitration.

Each written document contained an arbitration clause. The sales contract read: "ARBITRATION: Any controversy or claim arising out of or relating to this contract or breach thereof shall be settled by arbitration in New York by the Association of Food Distributors, Inc., of New York in accordance with its rules then obtaining and judgment may be entered upon award." The written "Advice of Sale" contained a similar clause.[2]

Pursuant to the rules of Association of Food Distributors Inc., of New York, the appellant was mailed a notice of arbitration. He admits receiving the notice, however, he failed to

---

[1] Article IV, Section 1, U.S. Constitution: "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof."

[2] The "Advice of Sale" states: "ARBITRATION: Any controversy, or claim arising out of, or relating to this contract or breach thereof, shall be settled by arbitration by the Association of Food Distributors, Inc. of New York, in accordance with its rules then obtaining. Each party to this contract shall be deemed to have consented that any papers, notices or process necessary or proper for the institution or continuation of an arbitration proceeding, or for the confirmation of an award and entry of judgment on an award made thereunder, including appeals in connection therewith, may be served upon such party (a) by mail, addressed to such party's last known address, or (b) by personal service, within or without the state wherein the arbitration is to be held, or within or without the limits of the jurisdiction of the Court having jurisdiction in the premises (whether such party be within or without the United States of America), or (c) by mail personally, as provided in (a) and (b) hereof, upon his agent or broker through whom this contract is made."

appear, refused to appoint an arbitrator and defaulted in the arbitration proceedings. As a result of the default the awards prayed for were entered in favor of the respondent who then petitioned the New York trial court for judgments confirming them. The appellant who was personally served in Nevada with a copy of the petitions failed to make any appearance and judgment was entered against him.

The appellant contends that the service of process was void; that he did not live in New York and had never submitted to its jurisdiction; that he was and is a resident of Nevada, and that the district court in Clark County erred in entering judgment against him because neither the arbitrator nor the New York trial court had acquired jurisdiction to make the awards or confirm them. The appellant further contends that the trial court granted excessive attorney fees to the respondent.

The appellant denies the existence of any arbitration agreement with the respondent. He admits signing the sales contract, but denies any intent to submit any dispute arising out of that contract to arbitration.

In the light of the clear wording of the arbitration clause, the appellant's contention is untenable. Parties to a written arbitration agreement are bound by its conditions regardless of their subjective beliefs at the time the agreement was executed. In Level Export Corp. v. Wolz, Aiken & Co., 111 N.E.2d 218 (N.Y. 1953), that court quoting with approval from Metzger v. Aetna Ins. Co., 125 N.E. 814 (N.Y. 1920), stated: ". . . when a party to a written contract accepts it is [sic] a contract he is bound by the stipulations and conditions expressed in it whether he reads them or not. Ignorance through negligence or inexcusable trustfulness will not relieve a party from his contract obligations. He who signs or accepts a written contract, in the absence of fraud or other wrongful act on the part of another contracting party, is conclusively presumed to know its contents and to assent to them, and there can be no evidence for the jury as to his understanding of its terms."

The "advice of sale" was signed by Joseph Caragol on behalf of the respondent and sent to the appellant who admits receiving it without registering an objection. If a buyer-merchant fails to object to the written confirmation of an agreement from a seller-merchant, within ten days of its receipt, the writing becomes a binding contract. NRS 104.2201 and New York Uniform Commercial Code, Sec. 2–201 (McKinney,

1963). The "advice of sale" became a binding contract between the parties and they were bound by the arbitration clause which it contained.

Although an agreement to arbitrate future controversies must be in writing (NRS 38.035; New York Civil Practice Laws and Rules, Art. 75, Sec. 7501), a signature is not required. Helen Whiting Inc. v. Trojan Textile Corp., 121 N.E.2d 367 (N.Y. 1954).

The Association of Food Distributors, Inc., of New York derived its jurisdiction to arbitrate from statutory enactments and was authorized to make the awards. Likewise the New York trial court derived its jurisdiction to affirm the awards from statutory enactments. New York C.P.L. and R., Art. 75. The Association and the New York Court gained jurisdiction over the appellant through his consent embodied in the sales contract and the "advice of sale." The judgments entered by the trial court in New York were entitled to full faith and credit in the courts of this state.[3]

In Samincorp South American Min. & Mer. Corp. v. Lewis, 149 N.E.2d 385 (Mass. 1958), that court held a second contract containing the arbitration clause needed only to be in writing and that a signature is not required; that jurisdiction to foreign arbitration may be conferred by consent; that the courts of the foreign jurisdiction have the power to confirm the award of the arbitrators and that the courts of Massachusetts must give full faith and credit to that foreign judgment.

In Tanbro Fabrics Corp. v. Hymen, 341 Ill.App. 396, 94 N.E.2d 93 (1950), the Illinois Court said: "Having entered into a contract which provided for arbitration according to the rules of the Association, and to be governed by the laws of New York, and having agreed to the form of notice and substituted service, as provided in the rules of the Association and the arbitration code of New York, we are bound to hold that the court of New York had jurisdiction of this defendant to enter the judgment in question. (Citations omitted.) Any other holding would deny to plaintiff the benefit of the 'Full Faith and Credit' clause of the United States Constitution, Art.

---

[3]In this state there has been statutory authorization of arbitration since territorial days and the Uniform Arbitration Act (NRS Ch. 38), has been in effect for many years. In re Mollart, 58 Nev. 329, 65 P.2d 676 (1938); United Assn. of Journeymen & App. of Plumbing, etc. v. Stine, 76 Nev. 189, at 212, 351 P.2d 965 (1960). In New York, arbitration received statutory sanction at an early date, New York Civil Practice Laws and Rules, Article 75; Webster v. Van Allen, 216 N.Y.S. 552 (1926).

4, § 1." In accord: Pan American Food Company v. Lester Lawrence & Son, 147 F.Supp. 113 (N.D. Ill. 1956); Mulcahy v. Whitehill, 48 F.Supp. 917 (D.C. Mass. 1943); Marvlo Fabrics v. Jarus, 87 F.Supp. 245 (W.D. Mo. 1949); Ripley Fabrics Corporation v. Hymen, 91 F.Supp. 1007 (N.D. Ill. 1950); Hirsch Fabrics Corp. v. Southern Athletic Co., 98 F.Supp. 436 (E.D. Tenn. 1951).

The district court's award of attorney fees in the amount of $1,500 was reasonable. We find no abuse of discretion. In Brunzell v. Golden Gate Nat'l Bank, 85 Nev. 345, 455 P.2d 31 (1969), this court said: "We will not substitute our opinion for that of the trial court unless as a matter of law there has been an abuse of discretion. The value to be placed on the services rendered by counsel lies in the exercise of sound discretion by the trier of the facts."

The judgment is affirmed.

COLLINS, C. J., ZENOFF, MOWBRAY, and THOMPSON, JJ., concur.