R. C. JOHNSON & ASSOCIATES, Appellant, *v.* PHILIP C. SMITHERS, dba TOWN & COUNTRY DRY WALL, Respondent.

No. 6408

June 24, 1971                                    486 P.2d 481

*Wiener, Goldwater & Galatz,* and *Herbert L. Waldman,* of Las Vegas, for Appellant.

*Lionel Sawyer Collins & Wartman* and *Steve Morris,* of Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

This is an action upon a foreign judgment for $26,905.50 confirming an arbitration award entered pursuant to the Commercial Arbitration Rules of the American Arbitration Association. The district court granted summary judgment to the

plaintiff. The defendant appeals contending that the foreign judgment is void since personal jurisdiction to enter it was not obtained. The record shows that the defendant was represented by counsel at the arbitration hearings and that counsel was thereafter notified of the court confirmation proceeding as provided by the Arbitration Rules.[1] The court thus possessed jurisdiction to confirm the award and enter judgment thereon. Campanelli v. Altamira, 86 Nev. 838, 477 P.2d 870 (1970).

Affirmed.

---

[1]Commercial Arbitration Rules § 1(R.21). Further, under § 39(b) of the above rules (R.24): "Each party to an agreement which provides for arbitration under these Rules shall be deemed to have consented that any papers, notices or process necessary or proper for the initiation or continuation of an arbitration under these Rules and for any court action in connection therewith or for entry of judgment on any award made thereunder may be served upon such party by mail addressed to such party or his attorney at his last known address or by personal service . . . ."