NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 24 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LIVING ECOLOGY, INC.,

               Plaintiff-Appellant,

  v.

BOSCH PACKAGING TECHNOLOGY, INC.

               Defendant-Appellee.

No. 20-15042

D.C. No.
2:18-CV-1647 JCM (NJK)

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted December 7, 2020
Seattle, Washington

Before: MILLER and BRESS, Circuit Judges, and BASTIAN,[**] Chief District
Judge.

     Living Ecology, Inc. ("LEI") appeals the district court's order granting

summary judgment to Bosch Packaging Technology, Inc. ("Bosch") on the

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The Honorable Stanley Allen Bastian, United States Chief District
Judge for the Eastern District of Washington, sitting by designation.

1

grounds that LEI's breach of contract claim was barred by the applicable statute of limitations. We have jurisdiction under 28 U.S.C. § 1291. Because we conclude that the district court erred in granting the motion for summary judgment, we reverse and remand.

We review the district court's grant of summary judgment *de novo*. *L.F. v. Lake Wash. Sch. Dist. #414*, 947 F.3d 621, 625 (9th Cir. 2020). While viewing the evidence in the light most favorable to the non-moving party, we must determine "whether there are any genuine issues of material fact and whether the moving party is entitled to judgment as a matter of law." *Johnson v. Poway Unified Sch. Dist.*, 658 F.3d 954, 960 (9th Cir. 2011) (quoting *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 772 (9th Cir. 2002)). Reviewing *de novo* and viewing the facts in the light most favorable to LEI, we conclude that several issues of material fact exist and must be resolved by the trier of fact.

(1)    There are factual disputes regarding whether the Bosch 2014 Terms and Conditions, which purported to shorten the statute of limitations for all claims between the parties, were identified with sufficient clarity in the invoice to be part of the parties' agreement. LEI argues that Bosch's invoice did not incorporate those terms and conditions into the contract because the invoice referred to terms and conditions by different names and Bosch did not attach any documents to the

2

invoice. Under Nevada law, "[w]here reference in a contract . . . indicates an intention to incorporate [a document] generally, such reference becomes a part of the contract for all purposes." *Lincoln Welding Works, Inc. v. Ramirez*, 647 P.2d 381, 383 (Nev. 1982). Moreover, if the document is made a part of the contract by express terms, the terms of the document "will control with the same force as though incorporated in the very contract itself." *Id.* at 384. However, "[f]actual disputes regarding breach of contract are questions for a jury to decide." *State, Univ. & Cmty. Coll. Sys. v. Sutton*, 103 P.3d 8, 15 (Nev. 2004).

The district court found that Bosch's invoice made "clear and unambiguous" reference to the 2014 Terms and Conditions. We disagree. The invoice contained three conflicting references to terms and conditions. The first reference was to "the enclosed supplementary General Conditions for the Supply of Machinery." The second reference was to "our attached 'Terms and Conditions.'" The third reference was to "the attached documents and our General Terms and Conditions of Sale." The invoice itself also contained a section entitled "Terms and conditions." Moreover, both parties agree that Bosch did not attach any additional documents to the invoice.

Bosch argues that, even if the invoice was inconsistent in its naming conventions, the invoice still made multiple references to "enclosed" or "attached"

3

documents, which must have called LEI's attention to the existence of a collateral document. But this argument still depends on the unresolved factual dispute of whether the references in the invoice were clear enough to call LEI's attention to the specific collateral document Bosch intended to incorporate. Moreover, under Nevada law, ambiguities in the contract are construed against the drafter, which here was Bosch. *Anvui, LLC v. G.L. Dragon, LLC*, 163 P.3d 405, 407 (Nev. 2007).

(2)    There are factual disputes regarding whether LEI had access to the 2014 Terms and Conditions during the contract negotiations. LEI argues that these terms and conditions were not reasonably available because they were not attached to the invoice, there is no evidence in the record that LEI received them, and Bosch never told LEI where to access them. *See Lincoln Welding Works*, 647 P.2d at 384 (considering the degree to which the parties were "acquainted" with the document in determining whether it was incorporated by reference).

Bosch argues that LEI had access to the 2014 Terms and Conditions because Bosch has a standard practice of attaching its terms and conditions to each invoice and LEI had previously purchased a different piece of equipment from Bosch. But there is nothing in the record showing that LEI received the 2014 Terms and Conditions with its previous purchase or that LEI knew that these terms and conditions governed all Bosch transactions. There is also nothing in the record

4

indicating that Bosch directed LEI where it could access a copy of the 2014 Terms and Conditions.

(3)    There are factual disputes regarding whether LEI waived any objections to the 2014 Terms and Conditions by not specifically requesting a copy. Under Nevada law, when a party accepts a written contract, it cannot be excused from the conditions of the contract due to "[i]gnorance through negligence or inexcusable trustfulness." *Campanelli v. Conservas Altamira, S.A.*, 477 P.2d 870, 872 (Nev. 1970). There is no evidence in the record regarding why LEI failed to request a copy of potential additional terms and conditions, despite the references in the invoice.

Therefore, because there are genuine disputes of material fact as to whether Bosch's sales contract incorporated the 2014 Terms and Conditions, the district court erred in granting summary judgment. We accordingly remand to the district court for further proceedings consistent with this disposition.

**REVERSED and REMANDED.**